Smolensk, J.
 

 LPR Associates Limited Partnership and LPR Land Company (hereafter defendants) appeal as of right from a postjudgment award of attorney fees pursuant to the attorney fee provision of the Construction Lien Act, MCL 570.1101
 
 et seq.,
 
 in favor of plaintiff Solution Source, Inc. We affirm.
 

 Having been before this Court twice before, this case has a long procedural history, which we will only briefly revisit. Plaintiff originally filed suit in June 1993 to recover for work it performed for defendants, having filed a construction lien for the work in April 1993. In March 1994, a default judgment in the amount of $15,440.20 was entered against defendants for failure to comply with discovery. Defendants appealed. The circuit court and this Court, both on direct appeal, unpublished opinion per curiam of the Court of Appeals, issued December 13, 1996 (Docket No. 184798), and on rehearing, unpublished opinion
 
 *371
 
 per curiam of the Court of Appeals, issued April 11, 1997 (Docket No. 184798), affirmed the judgment. Defendants’ application for leave to appeal to the Michigan Supreme Court was denied. 456 Mich 928 (1998).
 

 The case was remanded to the trial court and plaintiff attempted to collect the original judgment through garnishments. Defendants filed numerous objections to plaintiff’s efforts to garnish rent payment owed defendants by individual tenants of its building. The parties were able to resolve some of the garnishment issues when defendants produced a cashier’s check for $18,000 to settle the outstanding judgment. The parties also stipulated that defendant would place $1,500 in escrow until further order of the court. However, the trial court refused to dissolve all the garnishments, as defendants had requested.
 

 In April 1998, plaintiff filed a motion to settle the outstanding amount due, which, according to plaintiff, included attorney fees incurred in connection with the appellate and postjudgment proceedings under the Construction Lien Act. Plaintiff alleged that a motion for attorney fees was taken under advisement at the time the original judgment was entered in March 1994, and plaintiff believed that the issue was never adjudicated.
 

 Subsequently it was discovered that the trial court had awarded plaintiff $3,325.88 in attorney fees and costs in an order entered on April 6, 1994. Defendants refused to pay the award and plaintiff sought to enforce the order through garnishment. The trial court held that plaintiff was permitted to collect the award through garnishment of defendants’ assets. The trial court also entered an order enjoining defendants
 
 *372
 
 from further challenging plaintiffs efforts to collect on the order. In July 1998, the trial court held that plaintiff was entitled to postjudgment attorney fees. After an evidentiary hearing, plaintiff was awarded $25,415 in attorney fees pursuant to an order entered on April 6, 2000. It is from this order that defendants now appeal.
 

 Defendants first argue that the Construction Lien Act does not provide for recovery of appellate attorney fees. We disagree. Questions of statutory construction are reviewed de novo.
 
 People v Webb,
 
 458 Mich 265, 274; 580 NW2d 884 (1998). Generally, attorney fees are not recoverable unless authorized by a statute or court rule.
 
 Rafferty v Markovitz,
 
 461 Mich 265, 270; 602 NW2d 367 (1999). Defendants contend that because MCL 570.1118(2) does not specifically provide for appellate attorney fees, plaintiff was not entitled to recoveiy.
 

 The applicable provision of the Construction Lien Act provides:
 

 In each action in which enforcement of a construction lien through foreclosure is sought, the court shall examine each claim and defense that is presented, and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance, and their respective priorities. The court may allow reasonable attorneys’ fees to a lien claimant who is the prevailing party. The court also may allow reasonable attorneys’ fees to a prevailing defendant if the court determines the lien claimant’s action to enforce a construction lien under this section was vexatious. Attorneys’ fees allowed under this section shall not be paid from the homeowner construction lien recovery fund created under part 2. [MCL 570.1118(2).]
 

 The primary goal of judicial inteipretation of statutes is to ascertain and give effect to the intent of the
 
 *373
 
 Legislature.
 
 In re MCI Telecommunications Complaint,
 
 460 Mich 396, 411; 596 NW2d 164 (1999). The first step in determining legislative intent is to review the language of the statute itself.
 
 Id.
 
 If the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is neither required nor permitted.
 
 Id.
 
 However, if reasonable minds can differ concerning the meaning of a statute, judicial construction of the statute is appropriate.
 
 Id.
 
 Because MCL 570.1118(2) does not specifically authorize or prohibit the recovery of postjudgment attorney fees, we must look beyond the words of the statute to discern its meaning.
 

 Our Supreme Court implied in
 
 Vugterveen Systems, Inc v Olde Millpond Corp,
 
 454 Mich 119; 560 NW2d 43 (1997), that postjudgment attorney fees were recoverable under the Construction Lien Act. In
 
 Vugterveen,
 
 the trial court had awarded attorney fees to the plaintiff pursuant to MCL 570.1118(2).
 
 Vugterveen, supra
 
 at 133. The Court noted that the award of attorney fees to the prevailing party was discretionary, but did not decide if the plaintiff was entitled to attorney fees because the issue regarding who was the prevailing party was to be decided on remand.
 
 Id.
 
 The Court stated: “Thus, the award of attorney fees is vacated pending remand. If Vugterveen prevails on remand, the trial court’s original award of attorney fees should be reinstated,
 
 along with any other appropriate attorney fees or costs.”
 
 (Emphasis added.)
 

 This view is consistent with the remedial nature of the Construction Lien Act, which is to be construed liberally to “secure the beneficial results, intents, and purposes of this act.” MCL 570.1302(1). The act is designed to protect the rights of lien claimants to pay
 
 *374
 
 ment for expenses and to protect the rights of property owners from paying twice for these expenses.
 
 Old Kent Bank of Kalamazoo v Whitaker Constr Co,
 
 222 Mich App 436, 438-439; 566 NW2d 1 (1997).
 

 Reasoning similarly and holding that appellate fees were available under the Michigan Consumer Protection Act (mcpa), MCL 445.901
 
 et seq.,
 
 this Court stated:
 

 We hold that the underlying purpose behind the mcpa’s award of attorney fees is to afford an indigent client the opportunity to seek protection and obtain a judgment where otherwise precluded because of monetary constraints. . . . Subsection 11(2) does not place any restriction on the recovery of attorney fees and does not limit attorney fees to those rendered at the trial court level. In the underlying lawsuit on the mcpa claim, the trial court originally granted defendants’ motion for summary disposition, which was later reversed by this Court and remanded for further proceedings. We hold that the mcpa’s award of reasonable attorney fees applies to appellate proceedings.
 
 [Smolen v Dahlmann Apartments, Ltd,
 
 186 Mich App 292, 297-298; 463 NW2d 261 (1990) (citations omitted).]
 

 Furthermore, this Court has determined in numerous other cases that attorney fees for services rendered in connection with appellate proceedings are recoverable under similarly worded statutes that likewise allow for the recovery of attorney fees and do not restrict the recovery to attorney fees incurred at the trial level. See
 
 Leavitt v Monaco Coach Corp,
 
 241 Mich App 288, 311-312; 616 NW2d 175 (2000) (appellate fees recoverable under the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act, 15 USC 2301
 
 et seq.); Grow v W A Thomas Co,
 
 236 Mich App 696, 720; 601 NW2d 426 (1999) (appellate attorney fees recoverable under the Civil Rights Act,
 
 *375
 
 MCL 37.2101
 
 et seq.); Bloemsma v Auto Club Ins Ass’n (After Remand),
 
 190 Mich App 686, 689-691; 476 NW2d 487 (1991) (appellate attorney fees available under Michigan’s no-fault act, MCL 500.3148[1]);
 
 Escanaba & L S R Co v Keweenaw Land Ass’n, Ltd,
 
 156 Mich App 804, 818-819; 402 NW2d 505 (1986) (appellate attorney fees available under the Uniform Condemnation Procedures Act, MCL 213.51
 
 et seq.,
 
 even though the statute only allows recovery for expenses incurred in defending against the improper acquisition of the property at issue).
 

 Therefore, because the Construction Lien Act does not specifically limit recovery of attorney fees incurred before a judgment and in keeping with the purpose of attorney fee provisions, we hold that the Legislature intended that appellate and postjudgment attorney fees would be recoverable under the statute. However, recognizing the restrictions in MCL 570.1118(2), we conclude that the award of postjudgment attorney fees is limited to the prevailing hen claimant or the prevailing defendant if the court determines the lien claimant’s suit was vexatious.
 

 We also reject defendants’ argument that the doctrines of merger and res judicata bar recovery because plaintiff’s first motion for attorney fees was granted. Plaintiff initially filed a motion for attorney fees before the original judgment was entered. The March 1994 judgment stated that plaintiff’s request was taken under advisement. Defendants’ unsuccessful appeals ensued. After the case was remanded to the trial court, plaintiff moved in April 1998 to settle the outstanding amount due, in which plaintiff included postjudgment attorney fees. It was subsequently discovered that the trial court had awarded
 
 *376
 
 plaintiff attorney fees in April 1994, in connection with the original judgment.
 
 [1]
 
 Defendants assert that because the trial court resolved the issue of attorney fees under the Construction Lien Act in 1994, plaintiff was barred from bringing a separate motion in April 1998.
 

 When a cause of action is reduced to a final judgment, merger serves to bar a subsequent suit based on the same cause of action between the same parties.
 
 Union Guardian Trust Co v Rood,
 
 308 Mich 168, 172; 13 NW2d 248 (1944). We believe that the doctrine of merger did not preclude plaintiffs 1998 request for postjudgment and appellate attorney fees, because the action was simply a continuation of the same suit. It was not a separate lawsuit, but rather a motion in the ongoing dispute between the parties.
 

 Res judicata serves to bar any subsequent action where the first action was decided on its merits, the second action was or could have been resolved in the first action, and both actions involve the same parties or their privies.
 
 Dart v Dart,
 
 460 Mich 573, 586; 597 NW2d 82 (1999). The doctrine also bars “every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.”
 
 Id.
 
 However, because the issue of postjudgment and appellate attorney fees could not have been resolved at the time plaintiffs first motion for attorney fees was decided, before defendants filed their
 
 *377
 
 first appeal, res judicata did not bar plaintiff’s April 1998 motion for attorney fees.
 
 [2]
 

 Defendants next argue that plaintiff waived its right to additional attorney fees under the Construction Lien Act because it opted to satisfy its judgment by garnishing defendants’ bank account, rather than foreclosing on defendants’ property. Again, we disagree. This issue involves a question of law, which we review de novo.
 
 People v Sierb,
 
 456 Mich 519, 522; 581 NW2d 219 (1998).
 

 In the original judgment, the trial court granted plaintiff’s request for foreclosure on its construction lien and determined the value of the hen, awarding plaintiff $15,440.20. In accordance with an agreement with the holder of the mortgage on defendants’ property, plaintiff sought to garnish defendants’ bank accounts and outstanding rents, rather than foreclose on defendants’ property, but reserved its right to foreclose. Defendants vigorously fought plaintiff’s garnishment attempts. Eventually, defendants paid plaintiff $18,000 and placed $1,500 in escrow, which they believed would cover the outstanding amount owed plaintiff.
 
 [3]
 
 However, plaintiff believed that defendants also owed it for appellate and postjudgment attorney
 
 *378
 
 fees totaling over $30,000. The trial court awarded plaintiff $25,415 for these attorney fees.
 

 The attorney fee provision of the Construction Lien Act allows for recovery of attorney fees in “each action in which enforcement of a construction lien through foreclosure is sought. . . .” MCL 570.1118(2). Plaintiffs original complaint included a count for foreclosure of its construction hen, which the trial court granted in the March 1994 judgment. Defendants unsuccessfully appealed the judgment and continued to object to plaintiffs efforts to collect on the judgment. It is clear that the appellate attorney fees incurred in defending the judgment and the postjudgment attorney fees incurred at the circuit court level in connection with this htigation are recoverable.
 

 However, defendants assert that because plaintiff did not attempt to satisfy its judgment by foreclosing on defendants’ property, attorney fees pursuant to MCL 570.1118(2) are not available. We beheve that MCL 570.1118(2) was not meant to be read in such a restrictive manner. As noted above, the Construction Lien Act is to be construed liberally in order to carry out its intended purpose of protecting hen claimants.
 

 In stating that a hen claimant who is a prevailing party in an action to enforce a construction hen through foreclosure is entitled to attorney fees, we beheve that MCL 570.1118(2) is simply distinguishing between an action based solely in contract and one based on a construction hen. These actions are distinct and separate and may be pursued simultaneously.
 
 Dane Constr, Inc v Royal’s Wine & Deli, Inc,
 
 192 Mich App 287, 292-293; 480 NW2d 343 (1991).
 

 At the time plaintiff sought to garnish defendants’ bank accounts and rents due, its construction hen
 
 *379
 
 had not been discharged and plaintiff had reserved its right to foreclose. The agreement between plaintiff and the mortgagor was codified in an order of the trial court on April 15, 1994. The order determined that plaintiff’s lien was superior to the mortgagor’s, but noted that the parties stipulated that plaintiff would seek other avenues to satisfy its judgment, foreclosing only as a last resort. MCL 570.1121(1) provides, in part, that the trial court may order that a construction lien be satisfied “out of the rents, profits, and income from the real property to which the construction lien has attached.” We hold that plaintiff’s action did not lose its characterization as an action to enforce “a construction lien through foreclosure” simply because plaintiff sought avenues other than foreclosure to satisfy the judgment on its valid construction lien.
 

 Defendants further argue that plaintiff waived its right to attorney fees incurred after the judgment was entered when it accepted defendants’ payment of $18,000 in satisfaction of the outstanding judgment. Defendants assert that the holding of
 
 Bosch v Altman Constr Corp,
 
 100 Mich App 289; 298 NW2d 725 (1980), mandates this result.
 
 [4]
 
 We disagree and believe that
 
 Bosch
 
 actually supports the opposite conclusion.
 

 
 *380
 
 This Court’s decision in
 
 Bosch
 
 stands for the proposition that if a construction lien has not been satisfied or discharged before trial, a court still has jurisdiction to award attorney fees in relation to enforcement or collection of the lien.
 
 Id.
 
 at 296-297. The Court,
 
 id.
 
 at 296, reasoned:
 

 We believe it would clearly violate the spirit of the mechanics’ lien statute [predecessor of the Construction Lien Act] to permit a lienee to force a lienor to accept payment of a lien claim just before the commencement of a lien foreclosure trial and thereby avoid a possible assessment for attorney fees. Under such a rule, a lienee could drag a lienor through costly pretrial proceedings in the hope of gaining a beneficial settlement without putting himself in jeopardy of paying the attorney fees of the lienor. Many a materialman, lacking in deep financial resources, would be seriously hampered in pursuing his legal remedies. The purpose of MCL 570.12 [predecessor of MCL 570.1118(2)] is to avoid such a situation.
 

 While
 
 Bosch
 
 is distinguishable in that defendants in this case did not tender payment before the foreclosure trial, but rather postjudgment, the Court’s reasoning is analogous. In this case, deféndants tendered payment four years after the final judgment was entered. Plaintiff incurred significant legal fees over that time in defending the judgment on appeal and attempting to collect on the judgment. Given that we concluded that hen claimants are entitled to recover appellate and postjudgment attorney fees, if we allowed a lienee to avoid liability for attorney fees simply by
 
 eventually
 
 satisfying the judgment, the henee could drag the hen claimant through protracted postjudgment litigation without the risk of being assessed attorney fees.
 

 
 *381
 
 A lien claimant without significant financial resources could end up being forced to abandon his valid lien claim if met with resistance from the lienor at every turn. We believe that this is contrary to the purpose of the attorney fee provision of the Construction Lien Act. Therefore, we hold that satisfaction of a lien does not bar a lien claimant who is the prevailing party from recovering its appellate and postjudgment attorney fees incurred in connection with enforcement of its lien. Thus, defendants’ satisfaction of the judgment four years after the judgment was entered did not bar plaintiff from recovering appellate and postjudgment attorney fees.
 

 Finally, defendants’ remaining arguments regarding the award of attorney fees are without merit. Defendants first argue that the documentation plaintiff submitted to support its request for attorney fees was insufficient and there was no evidence that the attorney fees were reasonable. Following two days of evi-dentiary hearings, the trial court awarded plaintiff $25,415 in attorney fees.
 

 A trial court’s decision to award attorney fees under the Construction Lien Act is reviewed for an abuse of discretion.
 
 Vugterveen, supra
 
 at 133. “An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion.”
 
 Schoensee v Bennett,
 
 228 Mich App 305, 314-315; 577 NW2d 915 (1998). A trial court is also required to make findings of fact.
 
 Bosch, supra
 
 at 301. A trial court’s findings of fact are reviewed for clear error.
 
 Christiansen v Gerrish Twp,
 
 239 Mich App 380, 387; 608 NW2d 83 (2000). A finding is clearly erroneous when, although
 
 *382
 
 there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made.
 
 Id.
 

 The burden is on the party seeking the attorney fees to establish the reasonableness of the attorney fees.
 
 Bolt v Lansing (On Remand),
 
 238 Mich App 37, 61; 604 NW2d 745 (1999). Plaintiff filed numerous billing statements delineating the attorney fees it incurred, one of which separated the fees according to appellate or postjudgment circuit court proceedings. Plaintiff’s attorney also testified at length regarding the services billed and the hourly rates. Defendants asked him few questions regarding the reasonableness of the rates and services and offered no counterevidence.
 

 The trial court determined that the hourly fees of $150 for plaintiff’s attorney and $75 for plaintiff’s associate attorney were reasonable and awarded plaintiff $25,415. It subtracted fees for any services performed not in connection with this litigation or in connection with the garnishment activities. The trial court also noted that, at the time it issued its order, the case had been litigated for five years, with many unsuccessful appeals by defendants. On the basis of the foregoing, we conclude that the trial court’s findings were not clear error and it did not abuse its discretion regarding the overall award.
 

 Defendants next assert that because a construction lien is an in rem action against real property, the trial court erred in entering the award of attorney fees as a personal judgment against defendants. This question is one of law that we review de novo.
 
 Sierb, supra
 
 at 522. It is true that an action to enforce a construction lien through foreclosure is an in rem proceeding.
 
 *383
 

 Dane, supra
 
 at 292. However, we do not believe that MCL 570.1118(2) requires an award of attorney fees to be entered only against the real property, forcing a prevailing lien claimant to foreclose on the defendant’s property in order to collect its attorney fees. Defendants cite no authority to support this proposition and we believe this is simply illogical, especially given that MCL 570.1121(1) provides that construction liens can be satisfied by means other than foreclosure. Therefore, we hold that the trial court did not err in holding defendants personally liable for the award of attorney fees.
 

 Lastly, defendants contend that the trial court erred in not dismissing plaintiff’s request for attorney fees after it admitted that its construction lien was not timely filed. Defendants first raised this issue in its first answer to plaintiff’s motion for postappeal fees in April 1998. The issue of the validity of the lien was determined when the trial court entered a default judgment against defendants in 1994. If defendants had any objection to the validity of the lien, they should have raised it well before 1998. Because this issue should have and could have been raised in an earlier proceeding, res judicata bars defendants from now raising it.
 
 Dart, supra
 
 at 586.
 

 Affirmed.
 

 [1]
 

 It appears undisputed that none of the parties knew of the trial court’s award until defendants discovered it in 1998. Also, plaintiff does not contest the validity of this award and is only seeking attorney fees for posfjudgment and appellate attorney fees.
 

 [2]
 

 We recognize that this Court has stated that res judicata does not apply to proceedings within the same case.
 
 Harvey v Harvey,
 
 237 Mich App 432, 437; 603 NW2d 302 (1999). However,
 
 Harvey
 
 is proeedurally and substantively distinguishable from this case in that the doctrine was raised in the trial court as a defense to further proceedings following the entry of a final judgment and did not arise in the context of a second or subsequent appeal on remand.
 

 [3]
 

 While the’ judgment was for $15,440.20, the court’s subsequent award of attorney fees incurred up to the time of judgment was for $3,325.88. Plaintiff does not dispute that this payment satisfied most of the original judgment.
 

 [4]
 

 In
 
 Bosch,
 
 the Court concluded that “a lienor is not required to accept tender of payment after a complaint has been filed if he wishes to pursue his statutory right to attorney fees.”
 
 Bosch, supra
 
 at 297. Defendants contend that, therefore,
 
 Bosch
 
 necessitates that a lien claimant must refuse payment in satisfaction of the debt in order to pursue attorney fees. Without deciding the merits of this corollary, we note it is inapplicable to this case, given that the satisfaction of the debt occurred after the judgment was entered. Thus, plaintiff’s action clearly fell within the scope of MCL 570.1118(2).