## DLF TRUCKING INC v BACH

Docket No. 261391. Submitted September 8, 2005, at Detroit. Decided
September 27, 2005, at 9:15 a.m.

DLF Trucking Inc., brought an action in the Lapeer Circuit Court
against Steven and Lisa Bach; ABN AMRO Mortgage Group, Inc.;
and Lucas Development, LLC, to enforce a construction lien through
foreclosure. DLF had performed work as a subcontractor of Lucas on
a home constructed for the Bachs. ABN AMRO financed the con-
struction through a loan secured by a mortgage on the property. The
construction lien related to work for which Lucas had not paid DLF.
The court, Nick O. Holowka, J., granted summary disposition for the
Bachs after concluding that the Bachs' affidavit averring that they
had paid Lucas in full prevented DLF's construction lien from
attaching to their property under MCL 570.1203(1). The court,
however, denied summary disposition for ABN AMRO on the ground
that its constructive knowledge of the recorded claim of lien rendered
its mortgage interest inferior to the construction lien. DLF appealed,
and ABN AMRO cross-appealed by delayed leave granted.

The Court of Appeals *held*:

1. The trial court did not err by granting summary disposition for
the Bachs. The Construction Lien Act (CLA), MCL 570.1101 *et seq.*,
was enacted for the dual purposes of (1) protecting the rights of
construction lien claimants to payment for expenses and (2) protect-
ing property owners from paying twice for those expenses. On the
same day that DLF recorded its claim of lien, Lucas provided ABN
AMRO with a forged waiver of lien indicating that DLF had been paid
in full for its work, and ABN AMRO then paid the final amount owed
to Lucas on behalf of the Bachs. MCL 570.1203(1) prevents a
construction lien from attaching to the property of an owner who has
paid the contractor. While this protection is qualified "to the extent
payments have been made," the plain language of the statute does
not further limit the protection for the Bachs merely because DLF
filed its claim of lien before the final payment was made to Lucas.
MCL 570.1203(1) protects property owners from the attachment of a
construction lien up to the amount they have paid, without regard to
whether the payment or the filing came first. Such an interpretation
is consistent with the intent and purpose of the CLA.

2. The trial court erred by failing to grant summary disposition for ABN AMRO. Because MCL 570.1203 prevented the lien from attaching to the property, it is irrelevant whether such a lien would generally have priority over the mortgage if it had properly attached.

Affirmed in part and reversed in part.

Liens — Construction Liens — Attachment.

The Construction Lien Act provides that a property owner will be protected from the attachment of a construction lien up to the amount that the owner has paid for work on the property regardless of whether the claim of lien was filed before the payment was made (MCL 570.1203[1]).

*Hill Devendorf, P.C.* (by *Mark H. Davidson*), for DLF Trucking Inc.

*May, Simpson & Strote* (by *Thomas C. Simpson* and *Marilynn K. Smyth*) for ABN AMRO Mortgage Group, Inc.

Before: HOEKSTRA, P.J., and GAGE and WILDER, JJ.

PER CURIAM. In this action to enforce a construction lien through foreclosure, plaintiff DLF Trucking Inc. appeals as of right the trial court's order granting summary disposition in favor of defendants Steven and Lisa Bach. By delayed leave granted, defendant ABN AMRO Mortgage Group, Inc. (ABN AMRO), cross-appeals from this same order, challenging the trial court's denial of its motion for summary disposition.[1] We affirm in part and reverse in part.

---

[1] Although the order at issue here fails to grant summary disposition in favor of ABN AMRO and, therefore, does not at first glance appear to dispose of all claims and adjudicate the rights and liabilities of all parties, see MCR 7.202(6)(a)(i), plaintiff acknowledged during oral argument that the trial court's grant of summary disposition in favor of the Bachs precludes any further litigation between itself and ABN AMRO. Accordingly, we find the order at issue to be a "final order" entitling plaintiff to an appeal of right. *Id.*; see also MCR 7.203(A).

I. BASIC FACTS AND PROCEDURAL HISTORY

In August 2001, Steven and Lisa Bach contracted with Lucas Development, LLC (Lucas), to build a home. The Bachs financed the construction through a loan provided by ABN AMRO and secured by a mortgage. Plaintiff was subcontracted by Lucas to install a septic field and to do other excavating work for the home, which it commenced on August 21, 2001. On November 2, 2001, plaintiff was paid by Lucas for its work performed to that date and, in connection with that payment, executed a waiver and release of its lien for that work. Plaintiff completed the remainder of its work on February 18, 2002, and, because it was concerned that Lucas might not pay the outstanding balance for that work, recorded a claim of lien against the property on February 25, 2002. That same day, however, Lucas provided ABN AMRO with a waiver of lien indicating that plaintiff had in fact been paid in full for its work and had waived and released all lien rights against the Bachs' property. It is not disputed that this waiver of lien, which purports to have been issued by plaintiff, was a forgery fabricated from the earlier waiver of lien executed by plaintiff on November 2, 2001. In reliance on the waiver, however, ABN AMRO disbursed its final draw to Lucas on behalf of the Bachs on February 27, 2002.

When plaintiff failed to receive payment from Lucas on the balance due, it commenced this action against Lucas, the Bachs, and ABN AMRO.[2] In response, the Bachs filed with the trial court an affidavit averring that they had paid Lucas in full. ABN AMRO, along with the Bachs, thereafter moved for summary disposi-

_____

[2] Lucas, against which plaintiff also brought a claim for breach of contract, was subsequently dismissed from this action after filing for bankruptcy protection.

tion, alleging, among other things, that the Bachs' affidavit of full payment prevented plaintiff's lien from attaching to the property pursuant to the Construction Lien Act (CLA), MCL 570.1101 *et seq.*, and that summary disposition of plaintiff's action to foreclose on that lien was, therefore, appropriate. Although it granted summary disposition in favor of the Bachs and ordered that plaintiff's claim of lien be "removed," the trial court denied summary disposition in favor of ABN AMRO on the ground that its constructive knowledge of the recorded claim of lien rendered its mortgage interest inferior to plaintiff's lien. These appeals followed.

## II. ANALYSIS

ABN AMRO argues that, because the Bachs have met the requirements of § 203(1) of the CLA, MCL 570.1203(1), the construction lien asserted by plaintiff under the act does not attach to the property at issue and, therefore, summary disposition of plaintiff's action to foreclose on that lien was proper with respect to itself as well as the Bachs. We agree.

We review de novo a trial court's ruling on a motion for summary disposition as a question of law. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). The proper interpretation of a statute is also a question of law subject to review de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003).

Subsection 1 of § 203 of the CLA provides:

> A claim of construction lien shall not attach to a residential structure, *to the extent payments have been made*, if the owner or lessee files an affidavit with the court indicating that the owner or lessee has done all of the following:
>
> (a) Paid the contractor for the improvement to the residential structure and the amount of the payment.

(b) Not colluded with any person to obtain a payment from the [homeowner construction lien recovery] fund.

(c) Cooperated and will continue to cooperate with the [Department of Licensing and Regulation, now the Department of Labor and Economic Growth] in the defense of the fund. [MCL 570.1203(1) (emphasis added).]

Relying on the emphasized language, plaintiff argues that, because it filed its claim of lien against the property before the Bachs' final payment to Lucas, § 203(1) permits attachment of its lien against the property in an amount equal to the Bachs' final payment to Lucas. More specifically, plaintiff argues that § 203(1) prevents the attachment of a construction lien only "to the extent payments have been made" and that, therefore, its filing of a claim of lien before the final payment by the Bachs entitles it to a lien against the property in an amount up to that of the subsequent final payment. We disagree.

Our fundamental obligation when interpreting statutes is "to ascertain the legislative intent that may reasonably be inferred from the words expressed in the statute." *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). If the statute is unambiguous, judicial construction is neither required nor permitted. *Id*. However, when "the language of a statute is of doubtful meaning, a court must look to the object of the statute in light of the harm it is designed to remedy, and strive to apply a reasonable construction that will best accomplish the Legislature's purpose." *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). Furthermore, "a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63;

642 NW2d 663 (2002). As explained below, plaintiff's argument on appeal is not consistent with a plain reading of § 203, or with the intent and equitable purpose of the CLA.

It is well settled that the CLA is remedial in nature, and "shall be liberally construed to secure the beneficial results, intents, and purposes of [the] act." MCL 570.1302(1). It is similarly well settled that the CLA was enacted for the dual purposes of (1) protecting the rights of lien claimants to payment for expenses and (2) protecting property owners from paying twice for these expenses. *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 373-374; 652 NW2d 474 (2002). Consistently with these dual purposes, subsection 1 of § 203 of the CLA prevents a construction lien from attaching to the property of an owner who has paid the contractor, MCL 570.1203(1), while subsection 3 of that same section permits a lien claimant "precluded from recovering a construction lien under subsection (1) [to] recover from the [homeowner construction lien recovery] fund the amount for which the lien is established."[3] MCL 570.1203(3). However, although the protection afforded a property owner under subsection 1 of § 203 is expressly qualified by the language at issue, i.e., "to the extent payments have been made," there is

[3] As previously recognized by this Court, the homeowner construction lien recovery fund was expressly created "to provide payment to subcontractors or suppliers when a homeowner has already paid a contractor once in full for an improvement to his house but the contractor misused or misappropriated the money without first paying the supplier . . . ." *Erb Lumber, Inc v Gidley*, 234 Mich App 387, 391; 594 NW2d 81 (1999), citing MCL 570.1201. Although plaintiff here is unable to recover from the fund, that inability is the product of plaintiff's failure to voluntarily become a member of the fund before providing the improvements for which it now claims a lien, see MCL 570.1201(1)(c), rather than any deficiency of the CLA to meet its purpose of protecting plaintiff's right as a contractor to payment.

nothing in the language of that section from which it can be inferred that this qualification is itself subject to a "first in time" qualification with respect to such payment and the filing of a claim of lien. *Roberts, supra* at 63. To the contrary, and consistently with the purpose of protecting property owners from twice paying for an improvement, subsection 1 plainly provides only that property owners will be protected up to the amount paid by them. Therefore, to permit plaintiff's lien to attach to the property at issue here—thereby requiring the Bachs to pay twice for the improvements or suffer a lien against their property—merely because plaintiff filed a claim of lien before the Bachs' final payment to Lucas would be inconsistent with the plain language of § 203, as well as the intent and purpose of the CLA.[4] Consequently, the trial court did not err in granting summary disposition in favor the Bachs. However, because § 203 of the CLA prevents plaintiff's lien from attaching to the property at issue,[5] it is irrelevant whether such a lien would generally have priority over the mortgage if it had properly attached, see MCL 570.1119, and the trial court therefore erred in failing to also grant summary disposition in favor of ABN AMRO.

Accordingly, we affirm the trial court's grant of summary disposition in favor of the Bachs, but reverse its decision to deny that same relief to ABN AMRO.

---

[4] See note 3 of this opinion.

[5] See MCL 570.1106(3), which defines a "residential structure," against which a lien may not attach under subsection 1 of § 203, as including "a residential building containing not more than 2 residential units, the land on which it is or will be located, and all appurtenances thereto . . . .