# STATE OF MICHIGAN

# COURT OF APPEALS

LINDA DE JONG-STRAIT,

        Petitioner-Appellee,

and

KATHY DE JONG, Conservator/Trustee for
HENRY DE JONG,

        Petitioner/Counter-Defendant-
        Appellee,

v

PENNY MCDONALD and TERRY
MCDONALD,

        Respondents-Appellants,

and

STARIHA LAW OFFICES, P.C. d/b/a STARIHA
& JOHNSON LAW OFFICES,

        Counter-Plaintiff,

and

HENRY DE JONG,

        Not Participating.

UNPUBLISHED
February 16, 2016

No. 324133
Ottawa Probate Court
LC No. 13-060249-CZ

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Respondents-Appellants Penny and Terry McDonald appeal as of right a September 25, 2014, probate court order wherein the probate court ordered the McDonalds to pay $9,704.75 in attorney fees associated with attorney Robert Stariha's representation of the McDonalds and interested party Henry De Jong. For the reasons set forth in this opinion, we affirm.

-1-

# I. BACKGROUND

Henry De Jong is the father of Penny McDonald, Linda De Jong-Strait, and Kathy De Jong. From 2011 through 2014, the De Jong family had several related disputes over the control of Henry's affairs. This appeal involves a dispute over the attorney fees incurred during that time span.

In 2011, Henry amended his estate plan to disinherit Penny. At the same time, Henry named Kathy and Linda as successor trustees to the Henry De Jong and Shirley J. De Jong Joint Revocable Trust, and he granted general durable powers of attorney and durable powers of attorney for health care to Kathy and Linda. Two years later, Henry was diagnosed with dementia and in February 2013, he was deemed incompetent. Kathy and Linda placed Henry in a dementia unit at an assisted living facility. In response, Henry revoked Kathy and Linda's durable powers of attorney and granted Penny's husband Terry McDonald durable powers of attorney. Henry also retained attorney Robert Stariha to represent him.

On October 16, 2013, Kathy and Linda filed a Petition for Declaratory Relief and Guardianship, requesting that the probate court make a determination of Henry's competency. Kathy and Linda requested that, if Henry was found incompetent, the court appoint a guardian ad litem and make a determination as to who was vested with the power of attorney to act on Henry's behalf. Kathy and Linda named the McDonalds as respondents and asked the court to enjoin the McDonalds from interfering with any authority Kathy and Linda had over Henry's affairs.

At some point, Stariha began to represent the McDonalds as well as Henry; Stariha filed an appearance on the McDonalds' behalf and argued on behalf of the McDonalds that they were not proper parties to the action. In addition, Stariha's billing ledger showed that he provided legal services related to the McDonalds. For example, Stariha recorded on his itemized list of legal fees and costs that he made a telephone call to Henry "advising of status and what to do with Terry & Penny." Later the same day, Stariha visited Henry in person for a conference on the "status of various matters, including representation of Terry and Penny." On November 18, 2013, Stariha spent time "drafting balance of answer for McDonalds." The remainder of Stariha's ledger listed various services done on behalf of Henry and the McDonalds without distinguishing between work done for Henry and work done for the McDonalds. Similarly, Stariha listed himself as attorney for Henry on some documents and as attorney for Henry and the McDonalds on other documents.

The parties reached a settlement on December 9, 2013; however, the parties submitted conflicting orders to the probate court resulting in further attorney fees. Ultimately, the court entered the order prepared by Kathy and Linda. The court ordered that Henry petition for a conservatorship and request that Kathy be appointed conservator. The order confirmed Terry's status as health care power of attorney. The order also provided that the trust be amended to include Kathy as the sole trustee, to terminate any trustee status of Terry and Linda, and to include Penny as a beneficiary of the trust. Thereafter, the parties again disputed language of the trust amendment, resulting in further attorney fees and a probate court order rejecting further proposed changes to the trust.

In June 2014, Stariha sued Kathy in district court, both individually and as Henry's conservator; Stariha sought to recover $11,463.14 in unpaid attorney fees incurred during his representation of Henry in the probate court case. The district court removed the case to the probate court and the case was consolidated with the original action. Kathy refused to pay the attorney fees from the corpus of the trust, arguing that "most, if not all of the legal services for which the fees are claimed were for the benefit of the McDonalds and not the responsibility of the Conservatorship." Kathy requested that the probate court determine the appropriateness of the billing and determine whether the conservatorship was responsible for any of the fees.

The probate court conducted a hearing on September 8, 2014. At the hearing, the court found that Stariha incurred a total of roughly $19,000 in attorney fees. Of that amount, Henry had paid $7,900, and there was an unpaid balance of about $11,463.14. Kathy did not contest the reasonableness of these fees, but argued that Stariha represented both Henry and the McDonalds until Kathy was appointed conservator. Thus, according to Kathy, the McDonalds, not the conservatorship, were responsible for paying the unpaid portion of Stariha's attorney fees.

The probate court found that Stariha represented both Henry and the McDonalds, explaining:

> The pleadings that were filed were filed on behalf of Mr. De Jong. Mr. De Jong sat next to Mr. Stariha during these numerous hearings, as well as Mr. and Mr. [sic] McDonald, and conferred with him. And I observed all of that. And so I believe that Mr. Stariha did represent Henry De Jong. The problem is he also represented Mr. and Mrs. McDonald. And there is--it's one bill which mentions all of their names and meetings and contacts done with all of them.
>
> I suppose one could represent Henry De Jong and still have contact and have billable time applicable to meeting with other people. But there--there--he did file an appearance on behalf of Penny and Terry McDonald and had an awfully lot of contact with them. I cannot determine that he did--because of that, however, that he did not represent Henry De Jong. In fact, his Notice of Appearance identifies himself, Robert Stariha, Stariha and Johnson, Attorneys at Law, Attorneys for Henry De Jong, Interested Party, and Respondents Penny and Terry McDonald.
>
> It would be a difficult challenge and probably not a particularly helpful one to go through the billing entries and excise out those that are pertaining to Mr. and Mrs. McDonald and include only those that reference Mr. De Jong, because as I said, in service to Mr. De Jong he may in fact be meeting with other people.
>
> So I think the appropriate thing to do is, number one, find that the current conservator has no personal liability for any of this. She never hired Mr. Stariha on a personal basis and didn't hire him as conservator once she was appointed conservator in June.
>
> Secondly, I believe that Mr. Stariha did represent Henry De Jong, as well as the other parties, and that I think the fair thing to do would be to cut the total

-3-

billing down the middle and say that half of it is the responsibility of the McDonalds and half of it is the responsibility of Henry De Jong. And that would include the previous billings which have been paid. So if we're talking 7,900 plus 11,000-something, it's roughly 18,000. Then therefore roughly 9- of that would be the responsibility of Henry De Jong, and the other 9- would be the responsibility of the McDonalds.

On September 25, 2014, the probate court entered a written order, finding that Stariha represented both Henry and the McDonalds. The probate court found that the total costs and fees incurred amounted to $19,409.50. The court ordered the McDonalds to pay $9,704.75, which represented half of the bill, and Henry was ordered to pay the remaining $9,704.75 with credit given for $7,946.36 that he already paid, for a total amount due of $1,758.39. This appeal ensued.

## II. ANALYSIS

On appeal, the McDonalds argue that the probate court erred in ordering them to pay half of Stariha's attorney fees.

We review a lower court's decision whether to award attorney's fees and the determination of the reasonableness of the fees for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). An abuse of discretion occurs when the trial court chooses an outcome outside the range of reasonable and principled outcomes. *Id*. However, findings of fact underlying an award of attorney's fees are reviewed for clear error. *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368, 381-382; 652 NW2d 474 (2002).

Contrary to the McDonalds' argument, the probate court made factual determinations regarding for whom the services were rendered. And, there was no clear error in the court's finding that Stariha represented both Henry and the McDonalds. When attorney fees are contested, "it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). The determination here was limited to what services were actually rendered, not whether the fees ordered were reasonable. The probate court conducted a hearing and found that Stariha rendered services to both the McDonalds and to Henry.

Similarly, contrary to the McDonalds' argument that the probate court failed to examine any evidence before making its determination, it is clear that the court did consider the underlying facts, including the itemized bill for Stariha's services, when making its decision. Additionally, the probate court presided over several of the proceedings underlying this action and was aware of the scope of Stariha's representation. The court noted, "Mr. De Jong sat next to Mr. Stariha during these numerous hearings, as well as Mr. and Mr. [sic] McDonald, and conferred with him. And I observed all of that." It noted that Stariha's work "does involve an awful lot of contact with the McDonalds. But it also involves contact with Henry De Jong." After examining the facts and circumstances of the case, the court determined that Stariha's work

was done on behalf of all three individuals. These were factual findings that were not clearly erroneous.

On appeal, the McDonalds do not dispute that Stariha represented the McDonalds and Henry, but they argue that the services were rendered for Henry's benefit and at Henry's request. However, it is apparent from the record that the representation did not only benefit Henry, but also benefitted the McDonalds. For example, Stariha's argument that Henry was competent to handle his own affairs in September of 2013 was beneficial to both Henry and the McDonalds. Henry benefitted from this argument because it meant that his trust amendment was valid, and the McDonalds benefitted because the amended trust named Penny as a beneficiary and Terry as successor trustee. Also, a term of the settlement agreement and resulting court order required Penny to be included as a beneficiary of Henry's trust. This served to benefit Penny, as she had previously been removed as a beneficiary. Additionally, Stariha requested that the court enjoin Kathy and Linda from interfering with Terry as successor trustee in the management of the affairs of the trust. Although the McDonalds did not ultimately prevail on this request, the argument was beneficial to the McDonalds, as it would have secured Terry's access to the trust assets. It is apparent from the record that the representation did not only benefit Henry, but also the McDonalds.

Next, the probate court did not clearly err in finding that it would be futile to separate the work done for Henry from the work done for the McDonalds. The probate court observed the nature of Stariha's representation and examined detailed reports of Stariha's costs and fees. It noted that Stariha's bill "mentions all of their names and meetings and contacts done with all of them." The court noted that Stariha filed an appearance on behalf of the McDonalds and "had an awfully lot of contact with them. I cannot determine that he did--because of that, however, that he did not represent Henry De Jong. In fact, his Notice of Appearance identifies himself, Robert Stariha, Stariha and Johnson, Attorneys at Law, Attorneys for Henry De Jong, Interested Party, and Respondents Penny and Terry McDonald." The court found that it would be "a difficult challenge and probably not a particularly helpful one" to attempt to separate the transactions listed on Stariha's billing ledger, ultimately concluding that it would be futile to attempt to distinguish between work done for the benefit of Henry and work done for the benefit of the McDonalds.

The court's determinations that Stariha represented Henry and the McDonalds and that it would be futile to distinguish between the work done for Henry from the work done for the McDonalds were factual determinations. See *Hill v City of Warren*, 276 Mich App 299, 308; 740 NW2d 706 (2007) (noting that, when reviewing factual findings for clear error "great deference [is] generally afforded to trial courts, which are in a better position to examine the facts.") Having reviewed the record in this case, we are not left with a definite and firm conviction that the probate court erred with respect to its findings. *Solution Source, Inc*, 252 Mich App at 382.

Finally, the probate court did not abuse its discretion when it determined that the bill should be split evenly between Henry and the McDonalds. Probate courts have discretion when determining the award for attorney fees. *In re Temple Marital Trust*, 278 Mich App at 128. Here, the probate court examined the evidence and reached an outcome that was both reasonable and principled given the facts and circumstances of the case. The claims of Henry and the

McDonalds were closely intertwined, and the court recognized the overlapping nature of the benefits derived from Stariha's work. It also found that trying to separate out the work performed for each party would be futile. For these reasons, the court ultimately ordered that the bill be divided between Henry and the McDonalds. On this record, the determination did not fall outside the range of reasonable and principled outcomes. Therefore, the probate court did not abuse its discretion. *Id.*

Affirmed. Appellees having prevailed in full, may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello