# STATE OF MICHIGAN

# COURT OF APPEALS

ABCD PROPERTY OWNERS ASSOCIATION,

    Plaintiff/Counter-Defendant-
Appellant,

and

RICHARD E. JOHNSON, SUSAN E. JOHNSON,
BRIAN CAPPELLI, KATHLEEN M. CAPPELLI,
DAVID J. MILLER, and WILLIAM J. BODRIE,

    Plaintiffs-Appellants,

and

LORI A. MILLER,

    Plaintiff,

v

ROBERT HUDSPETH and LINDA HUDSPETH,

    Defendants/Counter-Plaintiffs-
Appellees.

UNPUBLISHED
April 24, 2018

No. 336638
Jackson Circuit Court
LC No. 15-001493-CH

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

In this property dispute involving claims of trespass, nuisance, and quiet title, plaintiffs alleged that defendants installed a driveway that directly abutted a portion of roadway that was privately owned and in which defendants held no property interest, while defendants maintained that said section of roadway was public, allowing them to utilize the driveway on their land and the roadway for ingress and egress purposes. Plaintiffs appeal as of right the trial court's opinion and order, which was issued following a bench trial, rejecting plaintiffs' claims, with the court determining that "the driveway accesses a public highway." We affirm.

The roadway at issue is Lakeview Drive, and there was no dispute below that the entire length of Lakeview Drive was a public road before 1984, connecting Shoreline Drive to Cherry

-1-

Street. The parties fully accepted this underlying premise. Pursuant to a resolution of abandonment, in 1984 the Jackson County Board of Road Commissioners absolutely abandoned and discontinued a portion of Lakeview Drive, such that the remaining public portion of Lakeview Drive ran from Shoreline Drive to a point in dispute, but no longer all the way to Cherry Street. In 2012, the Jackson County Road Commission (JCRC) granted defendants' request to construct their driveway with access to Lakeview Drive, because "Lakeview Drive . . . is a county certified road of one hundred twenty feet (120') with additional sixty eight feet (68') of public right of way from the centerline of Shoreline Drive." Plaintiffs adamantly argued that defendants' driveway connected to a portion of Lakeview Drive that had been absolutely abandoned as identified in the legal description of the 1984 resolution of abandonment, reverting thereafter to private property. Just as adamantly, defendants asserted that their driveway joined a section of Lakeview Drive that had not been abandoned under the 1984 resolution, remaining a public road. The crux of the dispute involved determining the precise path of Lakeview Drive at the time of the 1984 resolution of abandonment and whether the abandonment encompassed that portion of Lakeview Drive where defendants' driveway was located, with the ultimate question being whether defendants' driveway abutted a private road or a public road for purposes of ruling on the claims of trespass and nuisance, as well as quieting title.

Plaintiffs argue on appeal that the trial court determined that the portion of Lakeview Drive in dispute was public, basing its decision solely on the highway-by-user statute, MCL 221.20, even though that statute was never argued or pled by the parties. Plaintiffs contend that the court's reliance on highway by user deprived them of procedural due process, was not supported by sufficient findings, and was improper because defendants lacked standing to assert a highway-by-user theory. Plaintiffs also maintain that they demonstrated a prima facie case for trespass, given that they hold fee title to the section of Lakeview Drive that is the subject of the litigation, where it had been abandoned and vacated in 1984.

"This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003), citing MCR 2.613(C) and *Chapdelaine v Sochocki*, 247 Mich App 167, 169; 635 NW2d 339 (2001). In the application of the clearly erroneous standard, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). And the interpretation of a statute is a legal issue subject to de novo review. *DLF Trucking, Inc v Bach*, 268 Mich App 306, 309; 707 NW2d 606 (2005).

The trial court issued a written opinion and order that, admittedly, is a bit difficult to follow. The court did cite and quote the highway-by-user statute, and then stated:

> The evidence undisputedly shows that Lakeview Drive, running from Shoreline Drive to Cherry Street, was used by the public for decades to access Lentz's [grocery] store – the Defendants' current residence. This public use of the roadway began in approximately 1936 and continued through at least the 1970s. This evidence of continued use by the public satisfies Michigan's highway-by-user statute, MCL 221.20.

This language suggests that the trial court only determined, at most, that Lakeview Drive, in its entirety, became a public road through highway by user long before the 1984 resolution of abandonment, and not that the road or a portion of it continued to be public, or once again became public, after the 1984 abandonment due to highway by user.[1] Consistent with this proposition was the following statement made by the trial court earlier in its opinion and order, where it acknowledged the 1984 partial abandonment:

> Defendants' house was previously a small grocery store [Lentz's] when the property was owned by Paul Kaseman. At one time, Lakeview Drive extended across Kaseman's property immediately in front of the store to Cherry Street to the south. However, in 1984[,] the Jackson County Road Commission . . ., pursuant to a petition filed by Kaseman, vacated the portion of Lakeview Drive that crossed his property.

However, the trial court also observed that "Jackson County has plowed and maintained Lakeview Drive from Shoreline Drive east along Defendants' north property line on several occasions[, and that] [t]he last verified snowplowing by the County up to the time of trial was in March of 2016." These are facts that would support a post-1984 highway-by-user analysis.

To the extent and assuming that the trial court ruled in defendants' favor on the basis of the highway-by-user statute, the trial court erred. There was simply inadequate evidence and a lack of factual findings to support a conclusion that the pertinent portion of Lakeview Drive remained or once again became public pursuant to highway by user after the 1984 resolution of abandonment. See *Kalkaska Co Bd of Co Rd Comm'rs v Nolan*, 249 Mich App 399, 401; 643 NW2d 276 (2001) ("Establishing a public highway pursuant to the highway by user statute requires [1] a defined line, [2] that the road was used and worked on by public authorities, [3] public travel and use for ten consecutive years without interruption, and (4) open, notorious, and exclusive public use.").[2]

Nonetheless, reversal is unwarranted. Absent consideration of highway by user, the trial court's factual findings support a legal conclusion that defendants' driveway runs into a portion of Lakeview Drive that is public. As indicated above, the court found that Kaseman was a predecessor in interest relative to defendants' property, that Lakeview Drive extended across Kaseman's property and immediately in front of his store, which structure later became defendants' home, and that the approved 1984 petition for abandonment filed by Kaseman vacated that portion of Lakeview Drive that crossed his property. Indeed, the 1984 resolution of abandonment provided that "petitioner [Kaseman] is [the] sole individual affected by vacation

---

[1] We fully appreciate that the parties proceeded on the basis that Lakeview Drive was public from Shoreline Drive to Cherry Street before the 1984 abandonment; the issue was never disputed by the parties. Nevertheless, the trial court may have found it incumbent on its part to identify a legal basis for that "public" status.

[2] As just one example, the trial court did not find that any use was open, notorious, and exclusive, let alone cite supporting evidence. Given our ruling on this matter, it is unnecessary to address plaintiffs' related due process and standing arguments.

due to above referenced property lying solely within the confines of petitioner's property[.]" The trial court also referenced the 2012 approval of defendants' driveway permit by the county, noting that it was granted based on a road commission map (survey) that "showed the un-abandoned portion of Lakeview Drive and [the] discovery of physical evidence of the asphalt road at the location where Defendants' current driveway is located." The trial court was alluding to the trial testimony of a former JCRC employee involved in granting defendants' driveway permit in 2012, including his testimony regarding trial exhibit 30, which was a certificate of survey, and his testimony about finding "chunks of asphalt" where defendants' driveway was subsequently constructed.[3] It is evident to us that the trial court found the JCRC employee to be a credible witness and that trial exhibit 30 was an accurate reflection of the landscape at the time of the 1984 abandonment.[4]

Taking into consideration the evidence that the 1984 abandonment solely impacted the roadway within Kaseman's property boundaries, leaving public that part of Lakeview Drive immediately adjacent to and westerly of his property, along with the testimony of the former JCRC employee and trial exhibit 30, which testimony and document placed the 1984 curved path of Lakeview Drive in such a location that defendants' driveway accesses the road in a spot across from and south of the Johnsons' property where the road had not been abandoned, we conclude that the trial court did not err in ruling that defendants' "driveway accesses a public highway." See *2000 Baum Family Trust v Babel*, 488 Mich 136, 152; 793 NW2d 633 (2010) (the owner of a lot possesses a right of ingress and egress to and from an abutting public road). We recognize that there was evidence and testimony to the contrary, but we cannot conclude that the trial court's factual findings were clearly erroneous, especially considering the deference we must give to the court as the trier of fact when it comes to assessing witness credibility. And the trial court's factual findings support a legal conclusion or determination, on de novo review, that the area in dispute was not abandoned in 1984 under the resolution of abandonment. Accordingly, the trial court did not err in entering a judgment of no cause of action relative to plaintiffs' complaint.

Affirmed. Having fully prevailed on appeal, taxable costs are awarded to defendants under MCR 7.219.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[3] We note that the trial court also discussed a 1994 petition signed by some of the plaintiffs that sought to vacate and abandon the remaining public portion of Lakeview Drive, including the area in dispute, which petition had been rejected by the county. The court observed, "If they believed Lakeview Drive was a private drive, there would be no reason to petition for vacation of any portion of the roadway."

[4] On questioning by the trial court, a witness for defendants, who had lived in the area for many years, confirmed for the court that exhibit 30 accurately depicted the curved path of Lakeview Drive.