BOSCH v ALTMAN CONSTRUCTION CORPORATION

Docket No. 45278. Submitted June 16, 1980, at Detroit.—Decided
September 16, 1980.

Gerald Bosch, as subcontractor, furnished labor and materials for
a construction project pursuant to a contract with Altman
Construction Corporation, as general contractor, and recorded a
mechanics' lien against the project property. Bosch subse-
quently brought an action for foreclosure of the lien against
Altman and others in Kalamazoo Circuit Court. In addition,
Bosch brought a separate contract action against Altman in 54-
B District Court where he was granted a money judgment.
Altman tendered payment of the judgment and demanded a
discharge of the mechanics' lien. Bosch refused, claiming he
was entitled to attorney fees. Altman and others then moved in
circuit court seeking a ruling that Bosch be required to dis-
charge the lien upon their payment in full of the district court
judgment. The circuit court so ruled, and Bosch accepted tender
and executed a satisfaction of judgment and a discharge of the
lien. Altman and others then moved in circuit court to dismiss
Bosch's complaint for lack of jurisdiction since the claim had
been satisfied and the discharge of lien executed. Kalamazoo
Circuit Court, Patrick H. McCauley, J., ruled that it still had
jurisdiction and, following trial, granted formal judgment for
Bosch for the amount previously paid plus attorney fees based
on a contingent fee arrangement between Bosch and his coun-
sel, attorney fees pursuant to court rule because Altman and
others had required unreasonable proofs at trial, and costs.
Altman and others appeal alleging that the trial court erred in

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens § 23.
[2, 3] 53 Am Jur 2d, Mechanics' Liens §§ 333, 433.
[4] 5 Am Jur 2d, Appeal and Error § 785.
[5] 53 Am Jur 2d, Mechanics' Liens §§ 170, 171.
[6] 5 Am Jur 2d, Appeal and Error § 820.
[7] 53 Am Jur 2d, Mechanics' Liens §§ 68, 217.
[8] 53 Am Jur 2d, Mechanics' Liens § 433.
[9] 53 Am Jur 2d, Mechanics' Liens §§ 432, 433.
[10] 75 Am Jur 2d, Trial § 146.

awarding discretionary attorney fees allowed by the mechanics' lien statute since it lacked jurisdiction and in holding that Bosch had a valid lien, that the trial court abused its discretion in awarding attorney fees in an unreasonably high amount, and that the trial court erred in awarding additional attorney fees pursuant to court rule due to their demand for proofs at trial. *Held:*

1. The trial court did not lack jurisdiction to award attorney fees as allowed by the mechanics' lien statute. The lienor should not have been required to accept the tender of payment by Altman and others after his complaint was filed and should have been permitted to proceed to judgment and a determination of whether attorney fees should have been awarded. The trial court, in exercising its discretion, could consider the state of the proceedings at which the tender of payment was made and refused.

2. Bosch had a valid lien. The trial court's findings of fact that Bosch substantially complied with the requirements of the mechanics' lien statute for notice and that Altman and others were so intertwined and related that service on one constituted notice to all was not clearly erroneous and, thus, will not be set aside.

3. The trial court did not abuse its discretion in awarding attorney fees amounting to fifty percent of the total judgment. Evidence was presented which supported the court's findings, and the factors which it considered on the record were legitimate.

4. The trial court abused its discretion in requiring proofs by Bosch on the validity of the lien without first making a definitive ruling on the question of whether Altman and others were estopped from denying the validity of the lien and then imposing attorney fees for their requiring unreasonable proofs at trial by denying the validity of the lien. Thus, the award of attorney fees on those grounds should be reversed.

Affirmed in part, reversed in part.

1. MECHANICS' LIENS — STATUTORY CONSTRUCTION — PURPOSE — STATUTES.

The mechanics' lien statute must be construed liberally to carry out its intended purpose of benefiting and protecting subcontractors, materialmen, and laborers (MCL 570.1 *et seq.*; MSA 26.281 *et seq.*).

2. MECHANICS' LIENS — REFUSAL OF TENDER — JUDICIAL DISCRETION — ATTORNEY FEES — STATUTES.

A mechanics' lienor is not required to accept tender of payment

after he has filed an action for foreclosure of the lien if he wishes to pursue his statutory right to attorney fees, and a trial court, in exercising its discretion in awarding attorney fees, can consider the stage of the proceedings at which the offer of payment was made and refused (MCL 570.12; MSA 26.292).

3. MECHANICS' LIENS — POST-JUDGMENT ORDERS — DISCHARGE OF LIENS — ATTORNEY FEES — ERROR.

An order by a trial court directing a plaintiff, upon receiving judgment in his favor in a lien foreclosure action, to execute a discharge of a mechanics' lien, upon a defendant's payment of the judgment to the court, constitutes error where the plaintiff has refused tender of payment and has requested a determination of whether attorney fees should be awarded.

4. APPEAL — REASONS ASSIGNED FOR RESULT REACHED.

The Court of Appeals will not disturb a decision of a trial court on appeal where the court reached the right result for the wrong reason.

5. MECHANICS' LIENS — NOTICE REQUIREMENTS — SUBSTANTIAL COMPLIANCE — STATUTES.

A lien claimant who has dealt directly with an owner is not required to give notice of his intention to claim a lien, and substantial compliance with statutory requirements for notice of such intent should be sufficient to establish a claim (MCL 570.1; MSA 26.281).

6. APPEAL — FINDINGS OF FACT — ERROR — COURT RULES.

A trial court's findings of fact will not be set aside on appeal unless clearly erroneous (GCR 1963, 517.1).

7. MECHANICS' LIENS — SUBCONTRACTORS — FURNISHING NAMES OF SUBCONTRACTORS — STATUTES.

A subcontractor is not bound by the statutory requirement that a contractor must furnish a statement under oath of the number and names of all subcontractors and the amounts owed to them prior to initiating an action or claiming a mechanics' lien against an owner (MCL 570.4; MSA 26.284).

8. MECHANICS' LIENS — ATTORNEY FEES — JUDICIAL DISCRETION — FINDINGS OF FACT — STATUTES.

The awarding, in a proceeding to enforce a mechanics' lien, of attorney fees is within the discretion of the trial judge and will be upheld absent an abuse of discretion; however, the judge should make findings of fact on the issue (MCL 570.12; MSA 26.292).

9. TRIAL — UNREASONABLE ALLEGATIONS OR DENIALS — EXPENSES INCURRED — COURT RULES.

A trial court may require a party who makes an unreasonable allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact, including reasonable attorney fees (GCR 1963, 111.6).

10. TRIAL — UNREASONABLE PROOFS — ATTORNEY FEES — ABUSE OF DISCRETION — COURT RULES.

It is an abuse of discretion for a trial court to require a party to supply proofs of a claim prior to making a definitive ruling on whether the adverse party is estopped from denying the claim and then imposing attorney fees on the adverse party for requiring unreasonable proofs of the claim where the proofs demanded were, in fact, reasonable (GCR 1963, 111.6).

*Robert J. Barnard, Jr.,* for plaintiff.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Philip J. Birdsall),* for defendants.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

PER CURIAM. The defendants appeal from a May 8, 1979, order of the circuit court awarding the plaintiff $4,938.46 for attorney fees and costs in connection with an action brought for foreclosure of the plaintiff's mechanics' lien.

The plaintiff furnished labor and materials for the construction of a multi-family residential project in Kalamazoo, known as Willow Creek, pursuant to a contract entered into in February of 1974 with Altman Construction Corporation, the general contractor. On February 5, 1975, plaintiff recorded a lien claim in the Kalamazoo County Records for $8,215.08. On February 4, 1976, plaintiff commenced the instant action for foreclosure of his mechanics' lien. This action was subse-

* Circuit judge, sitting on the Court of Appeals by assignment.

quently consolidated with foreclosure actions brought by three other lien claimants.

On May 4, 1976, plaintiff commenced a contract action against Altman Construction Corporation in the district court in East Lansing. Following a jury trial, judgment was entered in favor of plaintiff, Bosch, on July 22, 1977, for $6,013.67. Subsequently, Altman Construction Corporation tendered payment of the district court judgment and demanded that the mechanics' lien be discharged. The plaintiff refused this tender, claiming he was entitled to attorney fees.

On May 26, 1978, Altman Construction Corporation and Willow Creek Limited Partnership filed a motion with the circuit court seeking a ruling that plaintiff be required to discharge the lien upon payment in full of the district court judgment. On June 14, 1978, plaintiff filed an objection to this motion, claiming that discharge of the lien should be required only upon payment of his costs and attorney fees.

In an opinion dated January 8, 1979, the trial court ordered plaintiff to execute a discharge of the lien upon payment of the district court judgment.

On the morning of April 17, 1979, the date scheduled for trial, defendants' attorney presented a check to plaintiff for the amount of the district court judgment plus interest. Plaintiff signed a satisfaction of judgment and a discharge of the lien. At trial, plaintiff continued to assert his claim for attorney fees and costs. Defendants argued that the circuit court was without jurisdiction to award attorney fees in view of the discharge of the lien prior to trial. It was also argued that plaintiff had failed to satisfy certain notice requirements necessary for the creation of a valid

lien so that an award of attorney fees was not justified.

The trial judge found that the circuit court still had jurisdiction despite the fact that the judgment had been paid and plaintiff had signed a discharge of the lien. In making this ruling, the judge noted that there was no evidence that the check had cleared and that, therefore, he could not find there was a discharge.

The judge also found that defendants were estopped from claiming that there was no valid lien by their action in seeking a mandatory discharge of the lien. The judge found, in any event, that the evidence presented at trial established that there was a valid lien.

The trial judge granted formal judgment in favor of plaintiff for $7,276.93, the amount that had been paid to plaintiff by check just prior to trial. The trial judge then determined that plaintiff was entitled to $3,638.46 in attorney fees based on a contingent fee arrangement plaintiff had made with his lawyer. The judge awarded plaintiff an additional $800 in attorney fees pursuant to GCR 1963, 111.6 because he found that defendants had required unreasonable proofs at trial. Five hundred dollars in costs were also awarded. The judgment was entered jointly and severally against Altman Construction Corporation, Willow Creek Corporation, and Willow Creek Limited Partnership.

Defendants raise several issues for review. Defendants initially claim that the trial court erred in awarding attorney fees pursuant to MCL 570.12; MSA 26.292.

Specifically the question is whether the trial court had jurisdiction to award attorney fees pursuant to MCL 570.12; MSA 26.292, when plaintiff,

prior to trial, had signed a discharge of the lien upon receiving payment. This statute reads as follows:

"The court shall examine all claims that shall be presented, and shall ascertain and determine the amount due to each creditor who has a lien of the kind before mentioned upon the estate in question, and every such claim that is due absolutely and without any conditions, although not then payable, shall be allowed, with a rebate of interest to the time when it would become payable. The court may, in its discretion, allow a reasonable attorney's fee when judgment shall be rendered in such proceeding, in favor of the parties succeeding therein."

The defendants claim that, after the lien had been discharged, there was no longer a claim for the lien, that the court had no further jurisdiction under the mechanics' lien statute, and that the action should have been dismissed. As noted in the statement of facts, plaintiff refused to accept payment and discharge the lien until ordered to do so by the trial judge in response to defendants' motion.

The mechanics' lien statute must be construed liberally to carry out its intended purpose of benefiting and protecting subcontractors, materialmen, and laborers. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184, 188; 253 NW2d 646 (1977). In *Sturgis Savings & Loan Ass'n v Italian Village, Inc,* 81 Mich App 577, 583-584; 265 NW2d 755 (1978), this Court rejected a claim that § 12 of the mechanics' lien act was not applicable because the lien was not being directly disputed in the case:

"Plaintiff also challenges the applicability of MCLA 570.12; MSA 26.292, which provides for reasonable

attorney's fees in proceedings concerning mechanics' lien claims. Plaintiff argues that this case is not disputing a lien but rather the alleged waiver of it; a simple contract case. However, the purpose of the statute is remedial and it should not be narrowly construed. The language of the statute reads to 'determine the amount due to each creditor who has a lien' which covers the issues presented here. The trial court did not abuse its discretion in permitting the awarding of attorney's fees."

See also, *J R Snyder Co, Inc v Soble,* 57 Mich App 485; 226 NW2d 276 (1975).

We believe it would clearly violate the spirit of the mechanics' lien statute to permit a lienee to force a lienor to accept payment of a lien claim just before the commencement of a lien foreclosure trial and thereby avoid a possible assessment for attorney fees. Under such a rule, a lienee could drag a lienor through costly pretrial proceedings in the hope of gaining a beneficial settlement without putting himself in jeopardy of paying the attorney fees of the lienor. Many a materialman, lacking in deep financial resources, would be seriously hampered in pursuing his legal remedies. The purpose of MCL 570.12; MSA 26.292, is to avoid such a situation.

In the present case, the trial judge had issued an order requiring plaintiff to accept the payment tendered by defendants and to discharge the lien. The court based its ruling on MCL 570.23; MSA 26.303, which reads as follows:

"When the debt secured by such lien is fully paid, the lien holder shall execute to such owner, part owner, or lessee, or other person having an interest or title in the lands, buildings [building], machinery, structure, or improvements affected by such lien, a discharge as in case of a discharge of a mortgage, or shall indorse such .

discharge on such claim of lien filed, and upon refusal
to do so on demand, shall be subject to like penalties as
are provided by law for refusal to discharge mortgages
which have been fully paid."

The payment and discharge of the claim was not
made until the morning of the trial.

We conclude that a lienor is not required to
accept tender of payment after a complaint has
been filed if he wishes to pursue his statutory
right to attorney fees. In exercising his discretion
under MCL 570.12; MSA 26.292, the trial judge
could consider the stage of the proceedings at
which the offer of payment was made and refused.

It is obvious that the judge entered the judg-
ment on the lien in an attempt to come within the
language of § 12 of the act so that he could award
attorney fees. The trial judge expressed his resent-
ment of the tactics used by defendants in seeking
to avoid payment of attorney fees. We hesitate to
affirm the judge's ruling on the basis that a judg-
ment was rendered in this case in view of the fact
that plaintiff had previously signed a discharge of
the lien and a satisfaction of judgment.

As alluded to above, we believe that the trial
judge erred in ordering plaintiff to execute the
discharge of the lien. Once the lien foreclosure
complaint had been filed, plaintiff should have
been permitted to refuse payment and proceed to
judgment and a determination of whether attorney
fees should be awarded. Where the trial judge
reaches the right result for the wrong reason, that
result will not be disturbed on appeal. *Queen Ins
Co v Hammond,* 374 Mich 655, 658-659; 132 NW2d
792 (1965). We apply that rule to this case in view
of the equities involved. The fact that plaintiff had
signed a discharge of the lien pursuant to the trial

court's order does not justify reversal of the trial court's decision.

Defendants next claim that the trial court erred in holding that plaintiff had a valid lien and that, in any event, the defendants were estopped from denying that there was no valid lien. We find it unnecessary to address the propriety of the estoppel ruling, for we conclude that plaintiff did, in fact, have a valid lien.

MCL 570.1; MSA 26.281, requires that a notice of intent to claim a lien be served on the owner within 90 days after the ·lien claimant first furnishes labor or materials. The exhibits in the present case indicate that plaintiff commenced his work on May 6, 1974. The notices of intent placed in evidence are dated October 4, 1974, some 60 days beyond the 90-day requirement. Such notices were served on Edward P. Thompson, the president of Willow Creek Corporation, on Willow Creek Limited Partnership, and on Joel L. Altman, president of Altman Construction Corporation.

At the time that plaintiff began his work and served his notices, the owner of the property was Willow Creek Corporation. When the project was completed, title was transferred to Willow Creek Limited Partnership.

A lien claimant who has dealt directly with the owner is not required to give notice of intention to claim a lien. *Burton Drywall, Inc v Kaufman,* 402 Mich 366; 263 NW2d 249 (1978). Substantial compliance with the requirements of the mechanics' lien statute shall be sufficient to establish claims. *Williams & Works, Inc v Springfield Corp,* 76 Mich App 541, 549; 257 NW2d 160 (1977), *lv den* 402 Mich 908 (1978). The trial judge found that there was substantial compliance with the statute in the

present case. He found that Willow Creek Corporation, Willow Creek Limited Partnership, and Altman Construction Corporation were so intertwined and related that service on one of the owners constituted notice to all.

The defendants claim on appeal that there was no proof of any "direct dealing" between plaintiff and Willow Creek Corporation. It is argued that there was, therefore, no valid lien to support the award of attorney fees under MCL 570.12; MSA 26.292. The plaintiff claims that there was direct dealing because plaintiff contracted with Altman Construction Corporation which was intertwined with Willow Creek Corporation.

Under GCR 1963, 517.1, a trial court's findings of fact will not be set aside on appeal unless clearly erroneous. The judge indicated that his findings were based on the deposition of Joel Altman, the exhibits and pleadings in all four cases, and the fact that one attorney was representing all three defendants in the present action.

The plaintiff had entered into a contract with Altman Construction Corporation to furnish labor and materials on the Willow Creek project. This contract was signed by Joel Altman. It seems undisputed that Altman was the sole or controlling stockholder of Altman Construction Corporation and that he was also a general partner in Willow Creek Limited Partnership, which acquired ownership of the project at its completion. Plaintiff's Exhibit No. 20 at trial is the construction agreement between Altman Construction Corporation and Willow Creek Corporation dated April 5, 1974. The agreement was signed by Altman and Edward Thompson, who was listed as the president of Willow Creek Corporation. Within the lower court file is a certificate for the Willow Creek

Limited Partnership. Willow Creek Corporation II is listed as a general partner, and Edward Thompson is listed as the president of Willow Creek Corporation II.

Based on this evidence, we conclude that the judge's finding that there was substantial compliance with the mechanics' lien statute in view of the relationship between the three defendants was not clearly erroneous. See *Burton Drywall, supra, Sadler v Winshall,* 373 Mich 378; 129 NW2d 384 (1964), *Williams & Works, Inc, supra.*

The defendants also claim that plaintiff failed to comply with MCL 570.4; MSA 26.284, which requires a contractor to give the owner or his agent a sworn statement listing all subcontractors and the amounts owing them. The defendants acknowledge that plaintiff served such statements on Ralph Shields, an employee of the Altman Construction Corporation. The trial court found that Shields was an agent of the owner so that plaintiff complied with MCL 570.4; MSA 26.284. Based on the previous evidence that the three defendants were intertwined, we do not believe this finding was clearly erroneous. Further, plaintiff was a subcontractor, not a contractor, so that the requirements of § 4 were inapplicable. See *Williams & Works, Inc v Springfield Corp,* 81 Mich App 355, 361; 265 NW2d 328 (1978), *rev'd on other grounds* 408 Mich 732; 293 NW2d 304 (1980), in which this Court rejected the argument that the lienor was a contractor for purposes of § 4 of the act where the corporation with which he dealt acted at different times as general contractor and as owner. Defendants' argument on this point is without merit.

Defendants further argue that the trial court abused its discretion in awarding plaintiff $3,638.46 in attorney fees pursuant to MCL 570.12;

MSA 26.292 because it constituted an unreasonably high award. We disagree.

Under MCL 570.12; MSA 26.292, the awarding of attorney fees is within the discretion of the trial judge, and it will be upheld absent an abuse of discretion. However, the judge must make findings of fact on the issue. *Sturgis Savings, supra,* 584. In the present case, the trial judge found that plaintiff's attorney had originally agreed to work for $40 an hour, which the judge considered to be a low rate. He found that plaintiff's attorney had put in roughly 125 hours on the case excluding the time spent on the contract action in district court. The judge found that plaintiff and his attorney subsequently entered into a contingent fee agreement in which the attorney would receive 50 percent of the judgment. Because the trial judge had entered a judgment of $7,276.93, the judge ruled that plaintiff should recover one half of this amount, or $3,638.46. The judge indicated that he believed plaintiff's attorney was taking a loss in charging that fee.

There was evidence presented to support the judge's findings. The plaintiff's attorney testified that he worked approximately 125 hours on the case. Plaintiff's exhibit No. 15 broke down this time allotment into itemized segments. The plaintiff testified that his attorney and he agreed on the contingent fee arrangement. The plaintiff's attorney also filed an affidavit stating that a contingent fee arrangement had been made.

The defendants' main argument on this issue is that the amount of hours plaintiff's attorney expended on this case was unreasonable in view of the size of the claim involved. The defendants cite *Sturgis Savings, supra,* in which the trial judge awarded the lienor $850 in attorney fees when the

lienor had asked for $5,500 based on 121 hours of work. The trial judge noted that the lienor's underlying claim was for only $4,500 and that it was unreasonable for the attorney to have expended so many hours on a claim that size. This Court found no abuse of discretion.

Early in the present case, the trial judge indicated some of the factors he would consider in the exercise of his discretion:

"Now, is this the type of case in my discretion I should grant attorney fees? I gathered from what I read, and I think, so you gentlemen can verify, I've got about—looks to me about 15 yellow slips on the mechanic's lien statute that I've read every section of it in this case. What it boils down to, discretionary with the judge and it seems to be explicit, is that if the Court finds that the Defendant was unreasonable in any respect in not paying his just debt, to force a man to come into Court with a valid mechanic's lien and expend money and attorney fees, they ought to be ordered to pay the money.

"Let's even be more blunt. If the contractor withholds money without any legitimate reasons so he can make interest on the money while you litigate for four years, should he be bound to pay the interest you could have earned on the money that he owed you and also should he have to pay the attorney fees to discourage him from not doing it again? I think that's the rationale behind the discretion in the judge. If it is, in this case, I'm going to order interest, probably attorney fees, probably, and I'm going to discourage the Defendant from ever withholding legitimate claims again and tie up the Court for four years so he can make 12 percent interest on a case of money that he should have paid."

We believe these were legitimate factors for the judge to consider and that there was no abuse of discretion merely because the attorney fees constituted 50 percent of the total judgment. One of the

underlying purposes of § 12 is to prevent construction investors from withholding legitimate claims of materialmen and using prolonged litigation to their own advantage. We find no abuse of discretion in the trial judge's award of $3,638.46. See *Soble, supra.*

Defendants also argue that the trial court erred in awarding attorney fees of $800 pursuant to GCR 1963, 111.6. We agree with defendants.

GCR 1963, 111.6 reads as follows:

"Unwarranted Allegations and Denials. If it appears at the trial that any fact alleged or denied by a pleading ought not to have been so alleged or denied and such fact if alleged is not proved or if denied is proved or admitted, the court may, if the allegation or denial is unreasonable, require the party making such allegation or denial to pay to the adverse party the reasonable expenses incurred in proving or preparing to prove or disprove such fact as the case may be, including reasonable attorney fees."

The trial judge awarded attorney fees of $3,638.46, pursuant to MCL 570.12; MSA 26.292, based on evidence of a contingent fee arrangement in which plaintiff's attorney would receive 50 percent of plaintiff's judgment. Additionally, the judge awarded $800 in attorney fees pursuant to GCR 1963, 111.6. The judge indicated that defendants had required unreasonable proofs as to the validity of the lien because the defendants were estopped from denying the validity of that lien. He also stated that it was unreasonable for the defendants to force the plaintiff's attorney to go item by item through the plaintiff's bill. The defendants claim specifically on appeal that the trial judge abused his discretion in awarding plaintiff $800 pursuant to GCR 1963, 111.6.

We do not believe that it was unreasonable for defendants to seek proof that the lien was not valid. The trial judge indicated at one point that plaintiff had to show that he filed a valid lien in order to recover attorney fees. Later, the judge seemed to indicate that, by accepting the lien discharge, defendants were estopped from denying the validity of the lien.

If the judge was going to rule that the validity of the lien was irrelevant on estoppel grounds, then he should not have permitted proofs on the validity issue as he did here. It was an abuse of discretion for the trial judge to require such proofs without first making a definitive ruling on the estoppel question and to then impose attorney fees pursuant to GCR 1963, 111.6. At the time defendants denied the validity of the lien, it was still an open question as to whether the invalidity of the lien would preclude an award of attorney fees.

It was reasonable for defendants to seek some proof as to the amount of the attorney fees. At one point, the trial judge indicated he desired testimony as to what the fees were because no fees could be awarded for time spent obtaining the judgment on the contract action in district court. Many of the questions posed to plaintiff's attorney concerned whether he could determine which fees were for the district court litigation. It should additionally be noted that in a previous mechanics' lien case involving plaintiff's attorney, the lienor had sought $5,500 in attorney fees, and the trial court awarded only $850. *Sturgis Savings, supra.* That discrepancy suggests that it was not unreasonable for defendants to challenge the amount of the attorney fees being claimed.

We conclude that the award of $800 in attorney fees pursuant to GCR 1963, 111.6 should be re-

versed. See *Salvador v Connor,* 87 Mich App 664, 667-680; 276 NW2d 458 (1978), *lv den* 406 Mich 966 (1979).

We find the remainder of defendants' predications of error to be without merit and not such as to require discussion.

In summary, the decision of the trial court is affirmed in part and reversed in part. No costs on appeal are awarded, neither party prevailing in full.