# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 20, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128560

H.A. SMITH LUMBER & HARDWARE CO.,
        Plaintiff/Counter-
        Defendant/Appellee,

v

                SC: 128560
                COA: 238521
                Oakland CC: 1999-015436-CZ

JOHN DECINA,
        Defendant/Cross-
        Defendant/Appellant,

and

JOHN DECINA DEVELOPMENT CO.,
        Third Party Defendant/Cross-
        Defendant/Counter-Plaintiff/
        Appellant,

and

LINAS P. GOBIS and LYDIA K. GOBIS,
        Defendants/Cross-Plaintiffs/
        Cross-Defendants/Counter-
        Defendants/Appellees,

and

WILLIAM GARDELLA d/b/a WILLIAMS
GLASS CO.,
        Defendant/Counter-Plaintiff/
        Cross/Plaintiff/ Third Party
        Plaintiff/Appellee.
_____/

     On November 8, 2007, the Court heard oral argument on the application for leave to appeal the March 3, 2005, judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. To be awarded attorney fees as a "prevailing party" under MCL 570.1118(2), the party must prevail on the lien

foreclosure action. In this case, the unpaid subcontractors filed a lien foreclosure action against the property owners and a breach of contract action against the general contractor. The subcontractors lost on their lien claim but prevailed on the breach of contract claim. While the statute allows a lien claimant to bring an underlying contract action at the same time as the lien foreclosure action, it does not preclude the option of bringing the two actions separately. MCL 570.1117(5). If the subcontractors had chosen to bring their breach of contract claims against the general contractor as a separate action, they would not have been allowed to recover attorney fees. The language of MCL 570.1118(2) does not permit recovery of attorney fees on the contract action merely because it was brought together with the lien foreclosure action. Accordingly, we VACATE the portion of the Oakland Circuit Court order granting attorney fees to plaintiff H.A. Smith Lumber & Hardware Company and defendant William Gardella d/b/a Williams Glass Company.

CAVANAGH, J., dissents and states as follows:

The majority's order vacating the award of attorney fees is flawed because it fails to address the actual language of the Construction Lien Act (CLA), MCL 570.1101 *et seq.*, and it fails to honor the CLA's provision that it "shall be liberally construed to secure the beneficial results, intents, and purposes of this act." MCL 570.1302(1). A purpose of the CLA is to prevent subcontractors from bearing the costs of litigation every time their work goes uncompensated. I presume that subcontractors will often be in the position where they must pursue their claims against a general contractor who has been paid, as here. To do so, subcontractors must plead the underlying contract.

The statute appears to include such claims in its attorneys-fee provision. It does not expressly preclude them. It states that "[i]n each action in which enforcement of a construction lien through foreclosure is sought, the court shall examine each claim and defense that is presented, and determine the amount, if any, due to each lien claimant . . . ." MCL 570.1118(2). "Each claim" must include more than just the lien claim. The statute further provides that "[t]he court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party." *Id.* The subcontractors here were "lien claimants." The trial court found that their liens were valid, but simply did not attach because the owners had paid the general contractor. The subcontractors were prevailing parties: they prevailed on the underlying contract claims against the general contractor. Because the general contractor had been paid, the contract claims were the subcontractors' only recourse for the payment that the lien was meant to secure.

Guided by the statute's aim to relieve unpaid contractors of the financial burden of litigation, I would deny leave to appeal.

KELLY, J., joins the statement of CAVANAGH, J.

WEAVER, J., dissents and states as follows:

I dissent from the majority's order reversing the judgment of the Court of Appeals. Instead, I would affirm the Court of Appeals affirmance of the trial court's grant of attorney fees to H. A. Smith Lumber and Hardware Company and William Gardella, for the reasons stated in the Court of Appeals opinion.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2007

_____
Clerk

t1213