# Order

Michigan Supreme Court
Lansing, Michigan

March 21, 2008

128560(93)

H.A. SMITH LUMBER & HARDWARE CO.,
        Plaintiff/Counter-
        Defendant/Appellee,

v

JOHN DECINA,
        Defendant/Cross-
        Defendant/Appellant,

and

JOHN DECINA DEVELOPMENT CO.,
        Third Party Defendant/Cross-
        Defendant/Counter-Plaintiff/
        Appellant,

and

LINAS P. GOBIS and LYDIA K. GOBIS,
        Defendants/Cross-Plaintiffs/
        Cross-Defendants/Counter-
        Defendants/Appellees,

and

WILLIAM GARDELLA d/b/a WILLIAMS
GLASS CO.,
        Defendant/Counter-Plaintiff/
        Cross/Plaintiff/ Third Party
        Plaintiff/Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128560
COA: 238521
Oakland CC: 1999-015436-CZ

On order of the Court, the motion for reconsideration of this Court's December 20, 2007 order is considered, and it is GRANTED. On reconsideration, we REMAND this case to the Oakland Circuit Court to determine whether plaintiff H.A. Smith Lumber & Hardware Company can recover attorney fees under its contract with defendant John

Decina. Although attorney fees were not recoverable under the Construction Lien Act (CLA), MCL 570.1101 *et seq*., as held in our decision in this case, 480 Mich 987 (2007), they may be recoverable under the contract between the parties.

KELLY, J., concurs and dissents and states as follows:

I concur in the decision to grant the motion for reconsideration. But I dissent from the decision to remand the case to the trial court to consider whether plaintiff H.A. Smith Lumber & Hardware Company can recover attorney fees. I would reinstate the award of attorney fees for the reasons stated in Justice Cavanagh's dissenting statement in this case, 480 Mich 987, 988 (2007).

CAVANAGH, J., joins the statement of KELLY, J.

WEAVER, J., would grant reconsideration and, on reconsideration, would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 21, 2008

_____
Clerk

s0318