RONNISCH CONSTRUCTION GROUP, INC v LOFTS ON THE NINE, LLC

Docket No. 314195. Submitted July 17, 2014, at Detroit. Decided July 24, 2014, at 9:00 a.m. Leave to appeal sought.

Ronnisch Construction Group, Inc., brought an action in the Oakland Circuit Court against Lofts on the Nine, LLC, and others, alleging breach of contract and unjust enrichment and seeking foreclosure of a lien. The contract between plaintiff and defendants involved the construction of a loft-style condominium building in Ferndale, Michigan, and required that any claim arising out of or related to the contract be submitted to arbitration. Because of a deficiency in payment, plaintiff had filed a claim of lien under the Construction Lien Act, MCL 570.1101 *et seq.*, in the Oakland County Register of Deeds. The parties stipulated to stay the proceedings in the circuit court and proceeded with arbitration, at which Lofts on the Nine asserted claims of its own related to faulty or incomplete work. The arbitrator awarded damages to both plaintiff and Lofts on the Nine, resulting in a net award to plaintiff. Lofts on the Nine shortly thereafter paid plaintiff the net award amount plus interest. Plaintiff then moved for confirmation of the arbitration award and sought attorney fees and costs under MCL 570.1118(2) as a prevailing lien claimant. Lofts on the Nine argued that plaintiff's motion should be denied in full because it had already satisfied the arbitration award by paying plaintiff and that no attorney fees were warranted because once plaintiff's breach-of-contract claim had been settled, its lien-foreclosure claim became moot. The court, Shalina Kumar, J., denied plaintiff's motion. With respect to attorney fees, the court held that because Lofts on the Nine had paid plaintiff the amount owed under the arbitration award and neither the court nor the arbitrator had adjudicated plaintiff's lien-foreclosure claim, plaintiff was not a prevailing lien claimant and the court did not have discretion to award plaintiff attorney fees and costs under the Construction Lien Act. Plaintiff appealed.

The Court of Appeals *held*:

1. MCL 570.1118(2) provides that in an action to enforce a construction lien through foreclosure, the court must determine the amount, if any, due to each lien claimant and may allow reasonable

attorney fees to a lien claimant who is the prevailing party. The Construction Lien Act is remedial in nature and sets forth a comprehensive scheme aimed at protecting the rights of lien claimants to payment for expenses and the rights of property owners not to pay twice for these expenses. It is to be liberally construed to secure the beneficial results, intents, and purposes of the act. *Bosch v Altman Constr Corp*, 100 Mich App 289 (1980), held that it would violate the spirit of the act to permit a lienee to force a lienor to accept payment of a lien claim just before the commencement of a lien foreclosure trial and thereby avoid a possible assessment for attorney fees. Under that rule, a lienee could drag a lienor through costly pretrial proceedings in the hope of gaining a beneficial settlement without putting the lienee in jeopardy of paying attorney fees. The purpose of MCL 570.1118(2) is to avoid such a situation. As in *Bosch*, plaintiff in this case filed both a breach-of-contract claim and a claim for foreclosure of a lien, the amount that was owed under the contract/lien was established in a proceeding distinct from any actual lien foreclosure proceeding, and defendant paid the amount ultimately determined to be owed under the contract before any lien foreclosure proceeding commenced. Contrary to the circuit court's holding, plaintiff's substantially prevailing on the amounts it sought under the claim of lien made it a prevailing party under the Construction Lien Act, and the court had the discretion under MCL 570.1118(2) to award attorney fees.

2. The fact that no foreclosure ever occurred was not pertinent. MCL 570.1118(2) distinguishes between an action based solely in contract and one based on a construction lien. Those actions are distinct and separate and may be pursued simultaneously. Plaintiff did not seek recovery solely on a breach of contract claim; its complaint included both a contract claim and a foreclosure-of-lien claim. The fact that the amount owed on the contract, and consequently the proper amount of the lien, was determined in a separate proceeding was of no consequence. Nor did the fact that the arbitrator rather than a court or jury established the lien amount require a different conclusion.

3. It was necessary to vacate the portion of the circuit court's order denying plaintiff's request for attorney fees because the court erroneously believed that it lacked discretion to award them. On remand, however, the circuit court would not be required to award attorney fees. Rather, the court was directed to exercise its discretion under MCL 570.1118(2) in deciding whether to award them.

Vacated in part and remanded.

LIENS — CONSTRUCTION LIENS — PREVAILING PARTIES — ATTORNEY FEES — ARBITRATION AWARDS.

MCL 570.1118(2), part of the Construction Lien Act, MCL 570.1101 *et seq.*, provides that in an action to enforce a construction lien through foreclosure, the court must determine the amount, if any, due to each lien claimant and may allow reasonable attorney fees to a lien claimant who is the prevailing party; a lien claimant may be a prevailing party even if (1) the lien claimant brought both a breach-of-contract claim and a claim for foreclosure of a lien, (2) the amount owed under the contract/lien was established in a proceeding distinct from any actual lien foreclosure proceeding (such as arbitration or a separate action), and (3) the defendant paid the amount ultimately determined to be owed under the contract before any lien foreclosure proceeding commenced.

*Deneweth, Dugan & Parfitt, PC* (by *Ronald A. Deneweth* and *Mark D. Sassak*), for Ronnisch Construction Group, Inc.

*Seyburn Kahn* (by *Joel H. Serlin, Ronald L. Cornell, Jr.*, and *Gregory M. Krause*), for Lofts on the Nine, LLC.

Before: JANSEN, P.J., and SAAD and DONOFRIO, JJ.

DONOFRIO, J. Plaintiff appeals as of right[1] the circuit court's order denying its request for attorney fees under the Construction Lien Act, MCL 570.1101 *et seq.* Because the circuit court erroneously concluded that it was precluded from considering awarding attorney fees under MCL 570.1118(2), we vacate the portion of the order dealing with attorney fees and remand the case.

---

[1] Plaintiff filed its claim of appeal on January 8, 2013, but our review of the record indicates that the final order in this case was not entered until January 23, 2013. Thus, plaintiff filed its claim of appeal prematurely. In the interest of judicial economy, we treat the claim of appeal as an application for leave to appeal, which we grant. *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

I. BASIC FACTS

This case arises from a construction contract that was entered into between plaintiff and defendant Lofts on the Nine, L.L.C., in May 2007.[2] The contract called for the construction of a loft-style condominium building in Ferndale, Michigan, for the price of approximately $6 million and provided that "[a]ny Claim arising out of or related to the Contract" was to be submitted to arbitration. Plaintiff last provided labor or materials on April 24, 2009. Defendant had paid plaintiff almost $5.5 million, resulting in a deficiency of $626,163.73. As a result, plaintiff filed a claim of lien in the Oakland County Register of Deeds in June 2009.

Because of the deficiency, on November 25, 2009, plaintiff filed a complaint against defendant in circuit court, alleging three counts: breach of contract, foreclosure of lien, and unjust enrichment. Additionally, because the contract required that claims be submitted to arbitration, the parties stipulated to stay the proceedings at circuit court and proceeded with arbitration. At arbitration, defendant asserted claims of its own, alleging that it had incurred between $1.1 million and $1.5 million in damages because of faulty or incomplete work done by plaintiff.

On January 26, 2012, the arbitrator issued his ruling. The arbitrator awarded plaintiff $626,163.72[3] for "[d]irect damages for work performed under the Construction Contract" and $9,895 for "[r]eimbursement for additional Faucet Claim." Thus, the total awarded on

---

[2] The other defendants are not implicated in this appeal, so our use of the term "defendant" will refer only to Lofts on the Nine, L.L.C.

[3] It is not apparent why there was a $0.01 discrepancy between this amount and the amount noted on the claim of lien.

plaintiff's claims was $636,058.72. However, the arbitrator specifically declined to address plaintiff's request for attorney fees as a prevailing lien claimant under MCL 570.1118(2) and expressly "reserved for the Circuit Court" that issue. On defendant's counterclaims, the arbitrator awarded defendant $185,238.36, resulting in a net award of $450,820.36 to plaintiff. Defendant shortly thereafter paid the net award amount plus interest to plaintiff.

On February 21, 2012, plaintiff filed a motion to lift the stay and confirm the arbitration award and requested attorney fees and costs under MCL 570.1118(2). Plaintiff asserted that it was a prevailing lien claimant and was entitled to attorney fees and costs totaling $310,125.25.

Defendant filed a response and argued that the motion should be denied in total because, at the outset, it already had satisfied the arbitration award by paying plaintiff shortly after the arbitrator made his ruling. Furthermore, defendant argued that no attorney fees were warranted because once plaintiff's breach-of-contract claim was settled, it rendered plaintiff's lien-foreclosure claim moot. Defendant also argued that plaintiff could not be considered as prevailing in arbitration because defendant had reasonably disputed paying the final 10% of the contract price because of numerous contract breaches on plaintiff's behalf. Defendant noted that the $450,820.36 plaintiff ultimately was awarded was less than 70% of what plaintiff had claimed was owed in the claim of lien.[4]

The circuit court denied plaintiff's motion in an opinion and order issued on April 24, 2012. With respect to the request for attorney fees, the circuit court rea-

---

[4] While defendant asserted that the amount awarded was less than 70% of the amount listed on the lien, our review shows that the amount awarded was actually 72% of the amount listed on the lien ($450,820.36/$626,163.73 = 0.720).

soned as follows:

> As [defendant] paid [plaintiff] the amount [defendant] owed pursuant to the Arbitration Award on February 16, 2012 and [plaintiff's] lien foreclosure claim was not adjudicated by this Court or the Arbitrator . . . , [plaintiff] cannot be deemed to be a prevailing lien claimant in this matter. Therefore, the Court does not have the discretion to award [plaintiff] its attorney fees and costs under the Michigan Construction Lien Act.

## II. STANDARD OF REVIEW

This Court reviews a circuit court's decision on whether to award attorney fees under the Construction Lien Act for an abuse of discretion. *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 425; 834 NW2d 878 (2013). An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). Likewise, a court abuses its discretion when it makes an error of law. *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

> This Court also reviews issues of statutory interpretation de novo. The primary goal of judicial interpretation of statutes is to discern the intent of the Legislature by examining the plain language of the statute. The starting point in every case involving construction of a statute is the language itself. . . . The court must consider the object of the statute in light of the harm it is designed to remedy and apply a reasonable construction that best accomplishes the purposes of the statute. [*C D Barnes*, 300 Mich App at 407-408 (citations omitted).]

## III. ANALYSIS

Generally, attorney fees are not recoverable unless a statute, court rule, or common-law exception to this

general prohibition exists. *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004).

Plaintiff sought to recover attorney fees under the Construction Lien Act. Specifically, MCL 570.1118(2) provides, in relevant part:

> In an action to enforce a construction lien through foreclosure, the court shall examine each claim and defense that is presented and determine the amount, if any, due to each lien claimant or to any mortgagee or holder of an encumbrance and their respective priorities. The court may allow reasonable attorneys' fees to a lien claimant who is the prevailing party.

The Construction Lien Act is remedial in nature and "sets forth a comprehensive scheme aimed at 'protecting the rights of lien claimants to payment for expenses and . . . the rights of property owners from paying twice for these expenses.' " *Stock Bldg Supply, LLC v Parsley Homes of Mazuchet Harbor, LLC*, 291 Mich App 403, 406-407; 804 NW2d 898 (2011) (citation omitted). As such, it is to be "liberally construed to secure the beneficial results, intents, and purposes of this act." MCL 570.1302(1).

The circuit court determined that it could not award attorney fees under this statute because plaintiff could not be considered a prevailing lien claimant. The court relied on the belief that the lien-foreclosure claim was not adjudicated by it or the arbitrator and concluded that it did "not have the discretion to award [plaintiff] its attorney fees and costs under the Michigan Construction Lien Act." We disagree.

We conclude that this case is analogous to the situation presented in *Bosch v Altman Constr Corp*, 100 Mich App 289; 298 NW2d 725 (1980), in which this Court affirmed the award of attorney fees under the

mechanics' lien act.[5] In *Bosch,* the plaintiff filed a lien for $8,215.08 for money owed on a construction contract. *Id.* at 292. A year later, the plaintiff filed an action in the circuit court to foreclose on the lien. *Id.* A few months after that, the plaintiff filed another suit against the defendant in the district court—this time alleging breach of contract. *Id.* at 293. Following a jury trial on the breach-of-contract claim, judgment was entered in favor of the plaintiff for $6,013.67. *Id.* After this judgment, the defendant tendered payment, but the plaintiff refused because he thought he was entitled to attorney fees as well. *Id.*

The *Bosch* circuit court then ordered the plaintiff to execute a discharge of the lien upon payment of the district court judgment, and on the morning of the circuit court trial, the defendant tendered a check to the plaintiff in the amount of the district court judgment plus interest. Consequently, the plaintiff signed a satisfaction of judgment and a discharge of the lien. In the circuit court, the plaintiff still asserted that he was owed attorney fees. The defendant argued that, because the lien was satisfied before trial commenced, the circuit court lacked the authority to award any attorney fees. *Id.* This Court disagreed with the defendant and stated:

> We believe it would clearly violate the spirit of the mechanics' lien statute to permit a lienee to force a lienor to accept payment of a lien claim just before the commencement of a lien foreclosure trial and thereby avoid a possible assessment for attorney fees. Under such a rule, a lienee could drag a lienor through costly pretrial proceedings in the hope of gaining a beneficial settlement without putting himself in jeopardy of paying the attorney fees of the lienor.

---

[5] The former mechanics' lien act, MCL 570.1 *et seq.,* preceded the current Construction Lien Act. *Jeddo Drywall, Inc v Cambridge Inv Group, Inc,* 293 Mich App 446, 451; 810 NW2d 633 (2011).

Many a materialman, lacking in deep financial resources, would be seriously hampered in pursuing his legal remedies. The purpose of MCL 570.12 [the predecessor of MCL 570.1118(2)] is to avoid such a situation. [*Id.* at 296 (citation omitted).]

The facts in the instant case are remarkably similar to those in *Bosch*. Like the *Bosch* plaintiff, plaintiff here filed both a breach-of-contract claim and a claim for foreclosure of a lien against defendant. And as in *Bosch*, the amount that was owed under the contract/lien was established in a proceeding distinct from any actual lien-foreclosure proceeding. Notably, in both *Bosch* and our case, the amount finally determined to be owed was less than the initial amount claimed on the lien.[6] And finally, the defendants in both cases paid the amount determined to be ultimately owed under the contract before any lien-foreclosure proceedings commenced. As a result, we conclude that the instant case is entitled to the same outcome as *Bosch*. Specifically, contrary to the circuit court's view, plaintiff's substantially prevailing on the amounts it sought under the claim of lien made it a prevailing party under the Construction Lien Act, and the circuit court had the discretion under MCL 570.1118(2) to award attorney fees.

The fact that no foreclosure ever occurred is not pertinent. In addition to *Bosch*, this Court has already rejected this position in *Solution Source, Inc v LPR Assoc Ltd Partnership*, 252 Mich App 368; 652 NW2d 474 (2002). In *Solution Source*, the defendants argued that because the plaintiff had attempted to satisfy its judgment through garnishment instead of through foreclosure, the plaintiff could not use MCL 570.1118(2) to

---

[6] In *Bosch*, the plaintiff received a judgment for $6,013.67, which was 73.2% of the amount it claimed on the lien. In our case, as noted earlier, plaintiff's arbitration award was 72.0% of the amount claimed on its lien.

recover attorney fees. *Id.* at 377. This Court disagreed and, while noting that the statute is to be construed liberally in order to carry out its intended purpose of protecting lien claimants, determined that MCL 570.1118(2) "was not meant to be read in such a restrictive manner." *Id.* at 378. The Court explained:

> In stating that a lien claimant who is a prevailing party in an action to enforce a construction lien through foreclosure is entitled to attorney fees, we believe that MCL 570.1118(2) is simply distinguishing between an action based *solely* in contract and one based on a construction lien. These actions are distinct and separate and may be pursued simultaneously. [*Id.* (emphasis added).]

In this case, plaintiff did not *solely* seek recovery on a breach of contract claim: plaintiff's complaint listed both a contract claim and a foreclosure-of-lien claim. As explained previously, the fact that the amount owed on the contract, and consequently the proper amount of the lien,[7] was determined in a separate proceeding is of no consequence.

We agree with the *Solution Source* Court, which, while relying on the reasoning in *Bosch*, noted that the entire purpose of the Construction Lien Act could be thwarted if lienors were able to fight valid liens in the hope that the lien claimants would run out of resources to continue their pursuit and then only pay right before

---

[7] The amounts owed on a contract and on a lien are inextricably linked. MCL 570.1107(1) provides that "[a] construction lien acquired pursuant to this act shall not exceed the amount of the lien claimant's contract less payments made on the contract." See also *C D Barnes*, 300 Mich App at 419, 427-428. And MCL 570.1107(6) provides that

> [i]f the real property of an owner or lessee is subject to multiple construction liens, the sum of the construction liens shall not exceed the amount the owner or lessee agreed to pay the person with whom he or she contracted . . . less payments made by or on behalf of the owner or lessee . . . .

trial in an attempt to circumvent the attorney-fee provision of MCL 570.1118(2). *Solution Source*, 252 Mich App at 380-381. Accordingly, not allowing the award of attorney fees just because a lienor paid off a lien before a court actually ruled on a lien claimant's claim of foreclosure would be contrary to the purpose of the act. See *id*. at 381 (stating that "satisfaction of a lien does not bar a lien claimant who is the prevailing party from recovering its appellate and postjudgment attorney fees incurred in connection with enforcement of its lien"); *Bosch*, 100 Mich App at 296.

Defendant's and the circuit court's reliance on *H A Smith Lumber & Hardware Co v Decina*, 480 Mich 987 (2007), is misplaced. In an order, our Supreme Court ruled in *Decina* that the subcontractor plaintiffs were not able to recover attorney fees under the Construction Lien Act because they did not "prevail on [their] lien foreclosure action." *Id*. at 988. But the facts in *Decina* are easily distinguishable because the subcontractors had liens that *never attached to the property*. *H A Smith Lumber & Hardware Co v Decina*, 258 Mich App 419, 424, 431; 670 NW2d 729 (2003), vacated in part 471 Mich 925 (2004).[8] The liens could not attach because the homeowners, who contracted with the general contractor, had paid the entire contract amount. *Decina*, 258 Mich App at 424; see also MCL 570.1107(1) and (6) (indicating that any lien amount cannot exceed the amounts owed on the original construction contract). Accordingly, the Supreme Court aptly concluded that in light of no lien legally being able to attach to the property, it was impossible for the subcontractors to have prevailed on their lien claims, which is a prerequisite for being able to collect attorney fees under MCL 570.1118(2).

---

[8] The Supreme Court's order did not provide the background facts, so we refer to this Court's prior opinion.

In the present case, it is undisputed that the landowner, defendant, did not pay the full amount of the contract price to the general contractor, plaintiff. Thus, these facts are distinguishable from those in *Decina*, and there was no question that plaintiff's lien had, indeed, attached to the property. Thus, we conclude that the Supreme Court's decision in *Decina* simply is not applicable.

Therefore, we hold that pursuant to *Bosch* and *Solution Source*, plaintiff was a prevailing lien claimant under MCL 570.1118(2). The fact that the lien amount was established by an arbitrator instead of a court or jury does not compel us to reach a different conclusion. As a result, we vacate the portion of the circuit court's opinion and order denying plaintiff's request for attorney fees because the circuit court erroneously believed that it lacked discretion to award attorney fees. However, contrary to plaintiff's view, the circuit court is not *required* to award attorney fees on remand. Instead, on remand, the circuit court simply is to exercise its discretion in deciding whether to award attorney fees. MCL 570.1118(2) states that "[t]he court *may* allow reasonable attorneys' fees to a lien claimant who is the prevailing party." (Emphasis added.) It is well established that the use of the word "may" connotes permissive, not mandatory, action. *AFSCME v Detroit*, 267 Mich App 255, 260; 704 NW2d 712 (2005).

The portion of the circuit court's order denying plaintiff's request for attorney fees is vacated, and we remand this case for proceedings consistent with this opinion. We do not retain jurisdiction. No costs awarded, as neither party prevailed in full on appeal. MCR 7.219.

JANSEN, P.J., and SAAD, J., concurred with DONOFRIO, J.