# STATE OF MICHIGAN

# COURT OF APPEALS

PAT FOSTER,

        Plaintiff-Appellant,

v

GANGES TOWNSHIP and GANGES
TOWNSHIP SUPERVISOR,

        Defendants-Appellees.

UNPUBLISHED
March 1, 2018

Nos. 336937; 337278
Allegan Circuit Court
LC Nos. 16-056487-AW;
          16-056487-AW

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

In Docket No. 336937, plaintiff, Pat Foster, appeals as of right the trial court's order granting defendants, Ganges Township and the Ganges Township Supervisor,[1] summary disposition under MCR 2.116(C)(7) (statute of limitations) and MCR 2.116(C)(10) (no genuine issue of material fact). In Docket No. 337278, plaintiff appeals as of right the trial court's order granting the township's request for attorney's fees and costs. We affirm.

This case arises out of lengthy litigation concerning the use of private roads, Blue Goose Avenue and Mallard Street, located in Recreation Development Subdivision No. 1 (the subdivision) in Fennville, Michigan. Plaintiff owns 2½ lots in the subdivision. He asserts that use of the private roads within the subdivision by adjacent property owners is causing flooding damage to his property. Plaintiff appears to argue that by allowing adjacent property owners to build homes and driveways on Blue Goose Avenue, the township failed to comply with the Land Division Act (LDA), MCL 560.101 *et seq.*, because the divided parcels of property were not sufficiently "accessible" as required by the LDA, with the township failing to comply with the rules and regulations of the Allegan County Road Commission.

Under MCL 560.109(1)(e), an application for a proposed division of land requires a showing that "[e]ach resulting parcel is accessible." "Accessible" is defined in MCL 560.102:

---

[1] We shall refer to defendants collectively as "the township."

(j) "Accessible", in reference to a parcel, means that the parcel meets 1 or both of the following requirements:

(*i*) Has an area where a driveway provides vehicular access to an existing road or street and meets all applicable location standards of the state transportation department or county road commission under 1969 PA 200, MCL 247.321 to 247.329, and of the city or village, or has an area where a driveway can provide vehicular access to an existing road or street and meet all such applicable location standards.

(*ii*) Is served by an existing easement that provides vehicular access to an existing road or street and that meets all applicable location standards of the state transportation department or county road commission under 1969 PA 200, MCL 247.321 to 247.329, and of the city or village, or can be served by a proposed easement that will provide vehicular access to an existing road or street and that will meet all such applicable location standards.

Plaintiff filed a petition for a writ of mandamus in April 2016 after construction began on a new home on Blue Goose Avenue. The township responded by filing a motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10), along with a motion for sanctions. The trial court granted the motion for summary disposition, concluding that plaintiff's claims were barred by the statute of limitations and that it could not grant the relief requested. In addition, the trial court ordered that plaintiff pay a total of $12,824.74 in costs and attorney fees.

First, plaintiff argues that the trial court erred in granting the township's motion for summary disposition. We disagree.

We review de novo a ruling on a motion for summary disposition and the question whether an action is barred by the statute of limitations. *Stenzel v Best Buy Co, Inc*, 320 Mich App 262, 274; __ NW2d __ (2017). The parties agree that the 6-year limitations period in MCL 600.5813 governs.[2] First, to the extent that plaintiff argues that the township erred in approving the September 2000 land division application, the trial court properly concluded that the claim is barred by the statute of limitations. It is undisputed that the land division application in question was approved by the township in September 2000, which was almost 16 years before plaintiff filed his petition for a writ of mandamus in this case. Plaintiff appears to argue both that the period of limitations did not begin to run until the township started to follow its own regulations and ordinances or that his claim did not accrue until the building started in 2016. At any rate, any dispute involving the validity of the land division application accrued in 2000. Therefore, the period of limitations had expired by the time of suit. Accordingly, the trial court properly

_____

[2] As the parties are in agreement on this matter, we shall analyze the case under the 6-year statute of limitations; however, we do not decide whether said limitations period is actually applicable. That said, we are addressing a sixteen-year delay in filing suit, so we are comfortable in concluding that *a* statute of limitations barred plaintiff's lawsuit.

granted summary disposition pursuant to MCR 2.116(C)(7) on plaintiff's claims involving the land division application.

Second, to the extent that plaintiff contends that the township erred in granting the adjacent property owner a building permit in February 2016, he should have challenged the permit at the local administrative level, or filed a lawsuit in an attempt to prohibit the owner from building the home or the city from issuing the permit. In 2000, plaintiff sought an injunction to stop construction of another neighbor's residence on Mallard Street. However, plaintiff stipulated to a dismissal of his lawsuit after the zoning board of appeals granted a zoning variance in favor of the neighbor. Therefore, plaintiff's own actions show that he was aware of additional courses of action to challenge the issuance of the building permit; seeking a writ of mandamus was improper in this case. See *Keaton v Village of Beverly Hills*, 202 Mich App 681, 683; 509 NW2d 544 (1993) (stating that a writ of mandamus is an extraordinary remedy and "the plaintiff must be without an adequate legal remedy").

Finally, plaintiff has failed to provide any factual support for his claim that he has suffered property damage from flooding as a result of the township failing to follow any state laws or local regulations. First, he did not provide any documentation or affidavit from the road commission showing that the township failed to follow any of its regulations. Additionally, plaintiff has not provided any support for his contention that the flooding on his property was caused by the building of new homes or driveways on Blue Goose Avenue. In fact, plaintiff made similar claims against his neighbors in another case that was flatly rejected by this Court in an unpublished opinion. There was evidence that water flow from Blue Goose Avenue was already a problem before any new houses were built in 2015 or 2016. Plaintiff has also failed to demonstrate that any action by the township resulted in additional flooding to his property. Plaintiff failed to submit any relevant evidence in response to the township's motion for summary disposition; therefore, the trial court properly granted summary disposition in favor of the township.

Next, plaintiff argues that the trial court abused its discretion in awarding attorney's fees and costs to the township. We disagree.

"This Court reviews a trial court's ruling on a motion for costs and attorney fees for an abuse of discretion." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 306 Mich App 203, 208; 854 NW2d 744 (2014). "A trial court's findings of fact, such as whether a party's position was frivolous, may not be set aside unless they are clearly erroneous." *Keinz*, 290 Mich App at 141. "The trial court's decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Schadewald v Brule*, 225 Mich App 26, 41; 570 NW2d 788 (1997). To the extent that this Court is required to review a court rule or statute, "this Court reviews the issue de novo." *Holton v Ward*, 303 Mich App 718, 734 n 20; 847 NW2d 1 (2014).

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Keinz*, 290 Mich App at 141 (quotation marks omitted).

MCR 2.625(A) provides:

(1) Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

(2) In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591.

And MCL 600.2591 provides:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action . . . was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

"To determine whether sanctions are appropriate under MCL 600.2591[], it is necessary to determine whether there was a reasonable basis to believe that the facts supporting the claim were true *at the time the lawsuit was filed.*" *Louya v William Beaumont Hosp*, 190 Mich App 151, 162; 475 NW2d 434 (1991).

Here, the trial court concluded that plaintiff's case was frivolous because the case had already been litigated twice. The trial court believed that plaintiff's primary purpose for filing the petition for the writ of mandamus was to harass and injure the township because it continued to put the township in a position in which it had to hire an attorney to defend against something that had already been defended against.

Based on the record, the trial court's conclusion was not clearly erroneous. First, plaintiff dismissed his lawsuit against his neighbor in 2000 after the zoning board of appeals concluded that the neighbor could build a house on his Mallard Street property. Second, the trial court determined that adjacent property owners had a valid easement to use Blue Goose Avenue and Mallard Street in 2005. Third, plaintiff's similar suit against others had been dismissed by the trial court pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(10) in June 2015.

Therefore, at the time that he filed his petition for a writ of mandamus in April 2016, plaintiff was aware that water drainage had been an issue on his property for over a decade because he wrote a letter to other subdivision residents in 2001. In addition, plaintiff also knew that the engineering report prepared in another case concluded that any accumulation of rainwater on plaintiff's property was the result of inadequate stormwater management and runoff from Blue Goose Avenue. Plaintiff did not offer any evidence to contradict this finding. Thus, the evidence showed that water flowed onto plaintiff's property from Blue Goose Avenue long before any new houses were built in 2016. As a result, the trial court did not clearly err in concluding that plaintiff's lawsuit was frivolous. Accordingly, the trial court did not abuse its discretion in awarding attorney fees and cost to the township.

Affirmed. Having fully prevailed on appeal, the township is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly